Jerome HARLING, Appellant,

v.

UNITED STATES, Appellee.

No. 81–1123.

District of Columbia Court of Appeals.

Submitted June 29, 1982.

Decided April 15, 1983.

John E. Lappin, Washington, D.C., appointed by this court, for appellant.

Stanley S. Harris, U.S. Atty., and John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, were on brief, for appellee.

Before NEWMAN, Chief Judge, BELSON, Associate Judge, and YEAGLEY, Associate Judge, Retired.

BELSON, Associate Judge:

This appeal presents the question whether the trial court, in a case in which it imposes concurrent sentences for felony murder and premeditated murder convictions arising out of a single killing, may impose sentences for the felonies underlying the felony murder conviction which are consecutive to the two concurrent murder sentences. We hold that under the circumstances present here the imposition of consecutive sentences for felony murder and the underlying felonies is prohibited by the holding of the United States Supreme Court in Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), but that the imposition of consecutive sentences for premeditated murder and the felonies underlying the felony murder charge is permissible.

■ Appellant was convicted of numerous offenses arising out of an incident on February 1, 1977, during which a dwelling was burglarized, several occupants were assaulted, two were robbed, and one person was killed. Appellant was convicted of both premeditated murder and felony murder for the killing and was sentenced to concurrent terms of 20 years to life imprisonment for those offenses. Appellant does not contest that a single killing may give rise to convictions for both premeditated murder and felony murder so long as concurrent sentences are imposed. See Doepel v. United States, 434 A.2d 449, 459 (D.C. 1981); Fuller v. United States, 132 U.S. App.D.C. 264, 289, 407 F.2d 1199, 1124 (1967), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). He also received sentences of 10 to 30 years on the burglary count and on each of the two armed robbery counts. The armed robbery sentences were to be served concurrently with one another but consecutively to the burglary sentence. In addition, the trial court imposed sentences of three to nine years on each of four counts of assault with a dangerous weapon, concurrent with one another but consecutive to all other sentences. All sentences for the underlying felonies were to be served consecutively to the concurrent murder sentences.

Appellant's convictions were upheld on direct appeal. Harling v. United States, 372 A.2d 1011 (D.C.1977). Our opinion issued prior to the Supreme Court's ruling in Whalen and did not reach the issue raised here. The appeal before us is taken from the denial of a subsequent motion to correct illegal sentence pursuant to Super.Ct. Crim.R. 35.

■ Appellant contends that the imposition of consecutive sentences for felony murder and the underlying felonies, burglary and robbery, is prohibited by the Supreme Court's holding in Whalen v. United States, supra. There, the Supreme Court held that D.C.Code § 23–112 (1981) prohibits the imposition of consecutive sentences for felony murder and the underlying felony of rape. The Court interpreted § 23–112 as incorporating the rule enunciated in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which prohibits the imposition of consecutive sentences for offenses arising out of the same transaction unless each offense requires proof of a fact the other does not. Whalen v. United States, supra, 445 U.S. 684 at 691–92, 100 S.Ct. at 1437–38.[1] Since proof of felony murder requires proof of every

---

1. In Whalen, the Court observed that Blockburger had established a rule of statutory construction which it explained as follows:

> The assumption underlying the rule is that Congress ordinarily does not intend to punish the same offense under two different statutes. Accordingly, where two statutory provisions proscribe the "same offense," they are construed not to authorize cumulative punishments in the absence of a clear indication of contrary legislative intent.

Whalen, supra, 445 U.S. at 691, 692, 100 S.Ct. at 1437, 1438 (emphasis in original). The Court has reaffirmed Whalen and elaborated upon the foregoing rule of construction in Missouri v. Hunter, —— U.S. ——, ——, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (U.S.1983) and Albernaz v. United States, 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981).

element of the underlying felony, consecutive sentences for felony murder and the underlying felony are prohibited. Nothing in the Supreme Court's opinion in *Whalen* indicates that its holding is limited to cases in which the underlying felony is rape, and does not extend to cases involving the five other underlying felonies enumerated in the felony murder statute. We find no logical basis for inferring such a limitation.[2] *See Tribble v. United States,* 447 A.2d 766 (D.C. 1982).

■ We reject the government's contention that the holding in *Whalen* is inapplicable to the instant case because the victims of the underlying felonies are persons other than the victim of the murder felony. The fact that some named person was the victim of the underlying felony is a necessary part of proof of felony murder.[3] Since the felony must be proved to establish felony murder, the fact that the named person was the victim of the underlying felony is, by inclusion, a necessary element of proof of felony murder. Whether the victim of the underlying felony is or is not the same person as the victim of the felony murder does not affect the requirement that the underlying felony be proved as a part of the proof of felony murder. In either event, the underlying felony with all of its elements is included within the felony murder for purposes of cumulative sentencing.[4]

■ Turning to appellant's contention that his consecutive sentences are improper, we agree that *Whalen* holds clearly that consecutive sentences cannot be imposed for felony murder and the underlying felonies. We note, however, that appellant does not contend that the trial court acted improperly in making the sentences for the burglary and robbery consecutive to the sentence for premeditated murder. There is no question that premeditated murder, burglary, and armed robbery are distinct offenses for which consecutive sentences may be imposed. Each obviously requires proof of facts not required to prove the others. Neither burglary nor armed robbery need be proven in order to establish premeditated murder.

Although it may have no effect on the amount of time to be served, appellant challenges the imposition of consecutive sentences for felony murder and the underlying felonies on the ground that he may suffer adverse collateral consequences of the improper consecutive sentences ruling.[5] Appellant's position derives strong support from our holding in *Doepel v. United States, supra.* There the defendant re-

2. *See* D.C.Code § 22–2401 (1981).

3. We note that the underlying felony of armed burglary was directed at the habitation rather than a personal victim. As required, a particular person was identified as owner or resident. *See Bord v. United States,* 76 U.S.App.D.C. 205, 206, 133 F.2d 313, 314 (1942).

4. Putting this point in concrete terms may clarify it. The first count of the indictment charged, in part, that appellant "killed John M. Sweet in perpetrating and attempting to perpetrate the [crime] of ... robbery" as set forth in other specified counts of the indictment. One such count charged appellant with the robbery of Cheryl Sweet. To prevail on that theory of felony murder, the government had to establish that appellant killed John Sweet in the course of his perpetration or attempted perpetration of the robbery of Cheryl Sweet. In order to do so, the government had to prove all the elements of that robbery or attempted robbery, and also

prove the killing of John Sweet in the course of those acts. The felony murder conviction on that theory was based in part on proof beyond a reasonable doubt of all of the elements of the robbery of Cheryl Sweet. *Whalen,* for that reason, precluded cumulative sentences for that robbery and felony murder. Consecutive sentences for premeditated murder and robbery were, of course, not precluded.

5. Appellant was sentenced to two concurrent terms of 20 years to life imprisonment for premeditated murder and felony murder, 10 to 30 years for burglary to be served consecutive to all other sentences, two terms of 10 to 30 years for armed robbery to be served concurrently with each other and consecutive to all other sentences, and four terms of 3 to 9 years' imprisonment for assault with a dangerous weapon to be served concurrently with each other and consecutive to all other sentences.

ceived concurrent sentences for premeditated murder, felony murder, and rape. Although we noted that *Whalen* prohibited only the imposition of *consecutive* sentences for felony murder and the underlying felony, we nevertheless remanded for resentencing (in effect, ordered vacated) the conviction for rape out of concern for the potential collateral consequences to the defendant.

It would be anomalous if we were to be less impressed with the collateral effects of the consecutive sentence imposed here than we were with the collateral effects of the concurrent sentence imposed in *Doepel.* Therefore, we instruct the trial court that upon remand it is to vacate either the conviction for felony murder or the convictions for the underlying felonies. Since collateral consequences would in reality attach to the conviction more so than to the improper consecutive sentence, our action is directed to the conviction. *See Benton v. Maryland,* 395 U.S. 784, 791, 89 S.Ct. 2056, 2060, 23 L.Ed.2d 707 (1969). If the trial court on remand should vacate the felony murder conviction (as opposed to vacating the conviction for the underlying felonies), our ruling will not affect the trial court's earlier order that appellant's sentence for premeditated murder be consecutive to the sentences for armed robbery, armed burglary and the several assaults with a dangerous weapon.

Although appellant did not raise the issue on appeal, the government concedes that the conviction for assault with a dangerous weapon on Cheryl Sweet cannot stand in view of appellant's conviction for armed robbery arising out of the same incident. Assault with a dangerous weapon is a lesser included offense of armed robbery. *Smith v. United States,* 312 A.2d 781, 786 (D.C.1973); *Skinner v. United States,* 310 A.2d 231, 233 (D.C.1973). Accordingly, on remand the conviction for assault with a dangerous weapon on Cheryl Sweet must be vacated.

*Remanded for further proceedings consistent with this opinion.*