**William A. THORNE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 81–1441.**

District of Columbia Court of Appeals.

Submitted May 18, 1983.

Decided Sept. 29, 1983.*

Joan Gauche, Washington, D.C., was on the briefs, for appellant.

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. Appellee's motion for publication was granted by the court.

John E. Stevens, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, and Michael W. Farrell, David H. Saffern, and John R. Fisher, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before PRYOR and BELSON, Associate Judges, and PAIR, Associate Judge, Retired.

PER CURIAM:

In the early morning hours of January 17, 1981, appellant disturbed several residents of Wayne Place, Southeast, by pounding or kicking the doors to their apartments and demanding to see "his woman." Eventually he came to the apartment of Felix Akorli. When Akorli refused to admit him, appellant broke down Akorli's door, struck Akorli, and destroyed some of Akorli's household property. Appellant was arrested as he ran from Akorli's apartment building.

Following a jury trial appellant was found guilty of two counts of first-degree burglary, D.C.Code § 22–1801(a) (1981), one count of destroying property, id. § 22–403, and one count of simple assault, id. § 22–504. He received consecutive 5 to 15-year sentences on the burglary counts and concurrent 1-year sentences on the remaining counts. Thereafter appellant noted this appeal, in which he contends that: 1) on the facts of this case consecutive sentences for burglary offend the double jeopardy clause, and 2) the court abused its discretion in denying a day-of-trial request for a competency determination. We remand for re-sentencing, but otherwise affirm.

I

■ Because the evidence against appellant suggested that he had entered the Akorli apartment with two distinct specific intents—the intent to destroy property and the intent to assault the occupant of the premises—he was charged with two separate counts of burglary.[1] It is appellant's contention that although the government proved both specific intents at trial, the two burglary convictions should merge for purposes of sentencing where, as here, the convictions arose from a single entry. Specifically, appellant argues that under *Block-burger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), the burglary counts merge because neither required proof of an additional fact, and the societal interest that § 22–1801(a) serves, the protection of dwellings from criminally motivated invasions, was offended only once in the course of appellant's crime. Appellant argues, in effect, that the harboring, upon entry, of an intent to commit not only a first, but also a second, offense does not constitute an additional fact for purposes of merger analysis. Appellee essentially concedes this issue on the facts of this case, and we agree.

---

**1.** In its brief the government explains that it has adopted the practice of asking the grand jury to charge multiple counts of burglary when the nature of a defendant's intent is unclear or when, as here, the evidence suggests that the defendant entered intending to commit more than one crime. The government adopted this practice to avoid one of the problems seen in *Whalen v. United States*, 379 A.2d 1152, 1155–56 (D.C.1977), *rev'd on other grounds*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), in which the appellant had been indicted, *inter alia*, on a single unitary burglary count in which the nature of the appellant's specific intent had been phrased in the conjunctive (*i.e.*, he was charged with entering the dwelling of another with the intent to steal property *and* to commit assault). *See id.* at 1156. At trial the government failed to adduce sufficient evidence regarding the intent to steal and the defense therefore sought dismissal of the burglary count. *See id.* Instead of dismissing the count, however, the trial court allowed it to be amended by deleting the reference to intent to steal. *See id.* Appellant was subsequently convicted on the amended burglary count. On appeal we reversed the burglary conviction on the ground that permitting such an amendment to a nonseverable unitary count had deprived the appellant of his constitutional right to grand jury indictment because it was unclear whether the grand jury would have voted to indict in the absence of the reference to the intent to steal (*i.e.*, some jurors might have relied primarily on the belief that appellant entered with the intent to steal). *See id.* at 1157.

The question to which we must address ourselves, therefore, is how the sentencing error should be remedied. Appellant argues that this court should vacate both burglary sentences and impose a single sentence of 5 to 15 years. Appellee, on the other hand, contends that the case should be remanded for resentencing. Appellee maintains that remand represents the preferable procedure since it would permit the trial court to effectuate its original sentencing plan, which possibly would have contemplated a single 10 to 30-year sentence[2] had the court realized that one of the burglary convictions was unavailable for sentencing purposes. Appellant counters, without citing any supporting case law, that remand is unnecessary in the absence of any indication that the trial court would have imposed a sentence longer than 5 to 15 years had the court been aware that an additional concurrent or consecutive burglary sentence was impermissible.

We find appellee's view persuasive, and conclude that all of the sentences should be vacated and the case remanded for resentencing. *See Franklin v. United States,* 392 A.2d 516, 519–20 (D.C.1978), *cert. denied,* 440 U.S. 948, 99 S.Ct. 1428, 59 L.Ed.2d 637 (1979); *United States v. Busic,* 639 F.2d 940, 947 (3d Cir.), *cert. denied,* 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981); *cf. McClain v. United States (McClain II),* 676 F.2d 915, 917–18 (2d Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982); *McClain v. United States (McClain I),* 643 F.2d 911, 913–14 (2d Cir.), *cert. denied,* 452 U.S. 919, 101 S.Ct. 3057, 69 L.Ed.2d 424 (1981), *after remand,* 676 F.2d 915 (2d Cir.1982). In structuring its plan of sentencing, the trial court did not impose the maximum sentence permitted by statute on the burglary counts. It may be that the court chose to spread appellant's sentence over each of the counts upon which appellant was convicted, and that simply vacating one of the burglary sentences would upset an interdependent sentencing structure. *See Busic, supra,* 639

F.2d at 950; *accord McClain II, supra,* 676 F.2d at 918. Thus, we regard remand for resentencing as the appropriate remedy, since it will allow the trial court to impose sentence knowing that only one of the burglary convictions is available for sentencing purposes. We add, however, that under the circumstances, one of the burglary convictions should be vacated, and appellant sentenced on the other. *See Garris v. United States,* 465 A.2d 817 (D.C.1983); *Harling v. United States,* 460 A.2d 571 (D.C.1983); *Doepel v. United States,* 434 A.2d 449, 459 (D.C.), *cert. denied,* 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981).

## II

We turn to the remaining question presented in this appeal: whether the trial court erred in denying appellant's day-of-trial motion for a competency determination. When a defendant has sought and been denied a competency examination, our review is limited to determining whether the trial court abused its discretion in so ruling. *See, e.g., Clyburn v. United States,* 381 A.2d 260, 262–63 (D.C.1977), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90 (1978). On the record before us we are satisfied that no abuse of discretion occurred, since appellant failed to present prima facie evidence in support of the request for the examination. *Cf.* D.C.Code § 24–301(a) (1981); *Bennett v. United States,* 400 A.2d 322, 325 (D.C.1979).

*Affirmed.*

---

**2.** D.C.Code § 22–1801(a) authorizes a maximum sentence of 30 years.