**David I. GARRIS, a/k/a Ronnie Garris, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 83–1549.**

District of Columbia Court of Appeals.
Argued Dec. 7, 1984.
Decided April 24, 1985.
As Amended June 13, 1985.

---

Franklin D. Kramer, Washington, D.C., with whom R. James Woolsey, Washington, D.C., was on brief, for appellant.

Daniel S. Seikaly, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGeno-

va, U.S. Atty., Michael W. Farrell, Judith Hetherton, and Steven D. Gordon, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee.

Before PRYOR, Chief Judge, and NEBEKER and BELSON, Associate Judges.

NEBEKER, Associate Judge:

This appeal after remand for resentencing presents issues respecting double jeopardy arising from multiple convictions, merger, and consecutive sentencing. We affirm in all but one respect and there we remand to vacate the unauthorized use of a vehicle count. Appellant was convicted of first-degree premeditated murder, D.C. Code § 22–2401 (1981); felony murder committed during the course of a robbery, id.; robbery, id. § 22–2901; felony murder committed during the course of a grand larceny, id. § 22–2401; unauthorized use of a vehicle, id. § 22–2204; and two counts of grand larceny, id. § 22–2201.[1] These convictions were affirmed in Garris v. United States, 465 A.2d 817 (D.C.1983), cert. denied, —— U.S. ——, 104 S.Ct. 1013, 79 L.Ed.2d 243 (1984). However, this court remanded the case for resentencing after finding the trial court's imposition of concurrent sentences for felony murder (robbery), felony murder (grand larceny), and the underlying felonies of robbery and grand larceny to be improper.

The original and second set of sentences are set out in the following chart:

| Charge | Sentencing #1 | Sentencing #2 |
| --- | --- | --- |
| first-degree premeditated murder | 20 years to life | 20 years to life |
| felony murder (robbery) | 20 years to life concurrent | conviction vacated |
| felony murder (grand larceny) | 20 years to life concurrent | conviction vacated |
| grand larceny | 3 to 9 years concurrent | conviction vacated[2] |

| Charge | Sentencing #1 | Sentencing #2 |
| --- | --- | --- |
| unauthorized use of a vehicle | 15 to 45 months concurrent | 15 to 45 months concurrent |
| robbery | 5 to 15 years consecutive | 5 to 15 years consecutive |
| grand larceny | 2 to 6 years consecutive | 2 to 6 years consecutive |

Appellant now argues that the court erred in imposing sentence for both unauthorized use of a vehicle and grand larceny of the same vehicle. The government concedes that under this court's decision in Arnold v. United States, 467 A.2d 136 (D.C.1983), appellant's convictions for both of these charges violate the Double Jeopardy Clause. Because the unauthorized use of a vehicle conviction merges into the grand larceny conviction, Jones v. United States, 479 A.2d 332 (D.C.1984), the unauthorized use of a vehicle conviction must be vacated.

Appellant further argues that, on remand, the trial court improperly vacated the felony murder (robbery) conviction in order to sentence him consecutively for the robbery. He advances the following reasoning in support of his position: under Whalen v. United States, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), appellant's initial sentences for both felony murder (robbery) and robbery violated the Double Jeopardy Clause. Thus, when Judge Ugast resentenced appellant, he had to vacate one of the convictions. However, because D.C.Code § 22–2404 (1981) establishes a mandatory sentence of twenty years to life for all first-degree murder convictions, the trial court was required to sentence Garris for both the premeditated and felony murder counts. Further, Doepel v. United States, 434 A.2d 449 (D.C.), cert. denied, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981), would prohibit, on dou-

1. The portions of the 1981 D.C.Code covering grand larceny and unauthorized use of a vehicle have been repealed and recodified in D.C.Code §§ 22–3812 and –3815 (Supp.1984), respectively.

2. Appellant contended that since the same property was the subject of both the robbery and the grand larceny which underlay the felony murder counts, both felony murder counts and the larceny count had to be vacated if the court were to impose sentence on the robbery. The government did not appeal vacation of the grand larceny count.

ble jeopardy grounds, consecutive sentencing on these counts. *Id.* at 459. Appellant argues, in effect, that this court should preempt the sentencing function and limit appellant's punishment to twenty years to life, regardless of the additional crimes committed during the course of the murder. Surely Congress never intended that such an anomalous result should flow from the application of D.C.Code § 22-2404 (1981).

 The trial court's sentence was fully consistent with Congress' intent that a mandatory minimum sentence be imposed for first-degree murder convictions. We note at the outset that appellant was sentenced to life imprisonment for the first-degree premeditated murder, satisfying the mandate of D.C.Code § 22-2404 (1981). Subsection (a) provides that "[t]he punishment of murder in the first degree shall be life imprisonment." Subsection (b) goes on to state that "a person convicted of first-degree murder and upon whom a sentence of life imprisonment is imposed shall be eligible for parole [after 20 years]." The import of these two provisions is that a trial judge has no discretion when passing sentence on a first-degree murder conviction. No language in the statute even intimates that the trial court is restrained from vacating such a conviction in order to correct a double jeopardy or other constitutional violation. Appellant's reading of D.C.Code § 22-2404 (1981) runs counter to the well-established statutory preference in this jurisdiction that consecutive sentences be imposed when an individual is convicted of two or more offenses, even if the convictions arise out of the same act or transaction. D.C.Code § 23-112 (1981); *Jones v. United States*, 401 A.2d 473, 475 (D.C. 1979).

Appellant's argument contravenes not only Congressional intent but also controlling case authority in this jurisdiction. In *Harling v. United States*, 460 A.2d 571 (D.C.1983), defendant was convicted of first-degree premeditated murder, felony murder, three underlying felonies (burgla-

ry and two counts of armed robbery), and four assaults. The armed robbery sentences were to run concurrently to one another but consecutively to the murder sentences, and the burglary sentence was to run consecutively to all of these. In remanding the case, this court directed the trial court to vacate either the conviction for felony murder or the convictions for the underlying felonies. At the same time, we emphasized that

> If the trial court on remand should vacate the felony murder conviction (as opposed to vacating the conviction for the underlying felonies), our ruling will not affect the trial court's earlier order that appellant's sentence for premeditated murder be consecutive to the sentences for armed robbery, armed burglary and the several assaults with a dangerous weapon.

*Id.* at 574.

Both in *Harling* and the instant case, this court's instructions for remand allowed the trial court to effectuate its original sentencing plan without violating the Double Jeopardy Clause. We have consistently approved this practice of permitting trial judges to implement their original sentencing schemes. *See, e.g., Thorne v. United States*, 471 A.2d 247, 249 (D.C.1983).

 Appellant offers a final argument in support of his position that the robbery conviction should have been vacated. He correctly contends that the felony murder and robbery convictions merged but then concludes that there was no robbery conviction on which he could be sentenced, as a result. We disagree. Merger is a legal fiction. It is not a finite occurrence at a point in time. In this case, for example, appellant did both rob and murder the victim, factually two separate and distinct acts. The jury returned guilty verdicts for both offenses, and we see no reason for a rule which would require the trial judge to then enter an acquittal on the robbery charge. Initially permitting convictions on both counts serves the useful purpose of allowing this court to determine whether

there is error concerning one of the counts that does not affect the other. *Cf. Fuller v. United States*, 132 U.S.App.D.C. 264, 289, 407 F.2d 1199, 1224 (1968) (en banc), *cert. denied*, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125 (1969). If so, then no merger problem even arises as only one conviction stands. If not, a remand to the trial court with instructions to vacate one conviction cures the double jeopardy problem without risk to society that an error free count was dismissed.

We note in *Ball v. United States*, —— U.S. ——, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), the Court states that where a multi-count indictment for receipt and possession of a firearm results in convictions for both, "the District Judge should enter judgment on only one of the statutory offenses." At 1673–1674. But there the Court of Appeals and the Supreme Court were dealing with a single issue—viz—whether a defendant could be convicted of and concurrently sentenced for both offenses. We do not read that decision as requiring an election before appeal by the trial court on which conviction to base its judgment when the appeal is likely to raise asserted error independent of one count. The policy sought to be vindicated by *Ball* and its predicate decisions is better served, in cases of appeal on issues other than validity of the sentence alone, by waiting for completion of the appeal process before vacating judgment on one of multiple counts. No legitimate interest of the defendant is served by requiring a trial court to guess which of multiple convictions will survive on appeal. Indeed, if the count chosen is reversed on grounds independent of the validity of the one vacated, a substitution would have to be made (*cf. United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975)) and a new appeal thereunder must be permitted if error independent of the reversed conviction is to be raised.

Accordingly, we affirm but remand the case for vacation of the unauthorized use of a vehicle conviction.

*So ordered.*