NEWMAN, Associate Judge:
Stoney was convicted by a jury of burglary, grand larceny, destruction of property, and obstruction of justice. He challenges his convictions on a number of grounds; we find only one meriting discussion. We hold that the convictions for obstructing justice must be reversed since neither the grand jury nor the United States Attorney (or his assistants) is an investigator duly authorized by the Mayor within the meaning of the D.C.Code § 22-703 (1981) (repealed 1982).[1] We reverse the conviction for obstructing justice, affirm the other convictions, and remand for resentencing.[2]
Viewing the evidence in its light most favorable to the government, Miller v. United States, 479 A.2d 862, 864 (D.C.1984), it shows that Stoney aided and abetted two juveniles in breaking and entering an apartment and stealing therefrom a television set, a backgammon board, eight shirts and four suits. The property had a value in excess of $100. After Stoney had been charged, he learned that one of the juveniles had been subpoenaed to appear before a Superior Court grand jury in this case. Stoney offered to pay the juvenile if he would not testify against him.
D.C.Code § 22-703 (1981), in pertinent part, read:
(a) Whoever ... willfully
endeavors by means of bribery ... to obstruct, delay, or prevent the communication to an investigator of the District of Columbia by any person of information relating to a violation of any criminal statute in effect in the District of Columbia . .•. shall be fined ... or imprisoned ... or both.
*1289 (b) As used in this section, the term ... “investigator” means an individual duly authorized by the Mayor or his designated agent to conduct or engage in ... an investigation.
At oral argument, we requested the parties to submit supplemental memo-randa on the question of whether a Superi- or Court grand jury or the United States Attorney was an “investigator” “authorized by the Mayor” within the meaning of the statute. They did so. They are in agreement that the plain language of the statute as well as its legislative history shows that neither the grand jury nor the United States Attorney is such an “investigator.” We agree. Since Stoney was tried and convicted on the premise that the grand jury and/or the United States Attorney was such an investigator, his conviction must be reversed and the case remanded for resentencing. See Thorne v. United States, 471 A.2d 247 (D.C.1983).

Affirmed in part, reversed in part, remanded for resentencing.

. Section 22-703 has been repealed and replaced by D.C.Code § 22-721, 722 (Supp.1984). Section 721 now defines "investigator" to include “a prosecuting attorney conducting or engaged in a criminal investigation."

. We find no merit to Stoney's other contentions. Specifically we reject his claim that (1) there was insufficient evidence to sustain his conviction for burglary, grand larceny, and destruction of property, and (2) that rulings by the trial court, coupled with evidence of the trial court’s bias against Stoney, deprived him of due process. In light of our reversal of the obstruction of justice conviction on grounds different than those urged by Stoney, we need not address his contentions on that score.