Carroll Lee MOORE, Petitioner,

v.

David A. GARRAGHTY, Respondent.

Civ. A. No. 89–00765.

United States District Court,
E.D. Virginia,
Richmond Division.

June 5, 1990.

Marvin D. Miller, Alexandria, Va., for petitioner.

Thomas D. Bagwell, Sr. Asst. Atty. Gen., Richmond, Va., for respondent.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Petitioner's Motion for an evidentiary hearing on his habeas petition pursuant to 28 U.S.C. § 2254, and on Respondent's Motion to Dismiss or for Summary Judgment pursuant to Fed.R.Civ.P. 12(b) and 56(b). The matters have been fully briefed and are ripe for disposition. Jurisdiction is based on 28 U.S.C. § 2254.

Petitioner, an inmate in the Nottoway State Penitentiary in Nottoway County, Virginia, brings this petition before the Court alleging that he is entitled to habeas relief because of alleged constitutional defects in his state retrial for murder and because of his counsel's allegedly ineffective assistance at retrial and on appeal. Respondent moves for dismissal of the petition on the grounds that Petitioner's claims are procedurally barred and that Petitioner's retrial counsel did not render ineffective assistance. Alternatively, Respondent moves for summary judgment on all counts.

## BACKGROUND

On May 5, 1979, Petitioner was indicted in Hanover County, Virginia, for murder, robbery and the use of a firearm in the commission of a felony in connection with the shooting death of Peter Jacobs. He was tried before a jury on a plea of not guilty in the Circuit Court for Hanover County and was convicted of premeditated murder and the use of a firearm in the commission of a felony. On February 7, 1984, Petitioner's conviction was set aside on due process grounds and set for retrial. On May 2, 1984, Petitioner was reconvicted, this time of felony murder in the commission of a robbery and use of a firearm in the commission of a felony. He received a life sentence on the felony murder charge and one year on the firearm charge. The

Virginia Supreme Court denied his appeal of that conviction on July 8, 1985. Petitioner's counsel of record during the retrial and appeal of the retrial conviction was Gregory Stambaugh. Petitioner subsequently filed a state habeas petition with the assistance of new counsel, alleging unconstitutional defects in his retrial and ineffective assistance of counsel. On August 30, 1988, the petition was denied by the Hanover Circuit Court on the ground that Petitioner's claims were procedurally barred and that Petitioner's counsel had not been ineffective. Petitioner appealed the denial of his state habeas petition to the Virginia Supreme Court, which affirmed the dismissal, stating only that it found no reversible error in the Circuit Court's order. Petitioner now brings this federal habeas petition on the same grounds that he asserted in his state petition. Specifically, Petitioner claims that: 1) the prosecution's switch from a theory of premeditated murder to felony murder in Petitioner's retrial violated Petitioner's due process rights; 2) the jury was not instructed as to all elements of the offense of felony murder; 3) the defense theory of the case was impermissibly kept from the jury in that the jury was not instructed as to second degree murder; 4) inadmissible evidence of flight and other crimes was introduced at trial and informants' statements were improperly withheld from defense counsel; and 5) that Stambaugh's failure to object to these deficiencies at trial or to raise them on appeal constituted ineffective assistance of counsel.

## DISCUSSION

Petitioner's first four claims were raised in his state habeas petition and were denied by the Circuit Court on the ground that they were procedurally barred. The Virginia Supreme Court subsequently dismissed Petitioner's appeal of this denial, finding no reversible error in the lower court's decision. Therefore, as a threshold matter, this Court must determine whether those claims are also procedurally barred here.

■ Absent a showing of cause and prejudice, federal habeas review is barred by procedural default whenever the petitioner has forfeited state review of his claims by failing to comply with state procedural requirements, unless the asserted constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Existence of cause ordinarily turns on a showing of the denial of effective assistance of counsel or a factor external to the defense which impeded compliance with the state procedural rule. *Murray v. Carrier*. Existence of prejudice turns on a showing that the errors worked to the actual and substantial disadvantage of the defense, infecting the entire trial with error of constitutional magnitude. *Id.*

These four claims were not raised on appeal and were therefore barred from state habeas review under *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974). Petitioner nevertheless asserts that he is entitled to federal habeas review of these claims for two reasons. First, Petitioner claims that Stambaugh's failure to raise these claims on appeal constituted ineffective assistance of counsel. Second, Petitioner points out that the last state court to review the claims, i.e., the Supreme Court of Virginia, did not explicitly rely on procedural bar in its order dismissing his appeal of the denial of his petition. Petitioner therefore contends that under *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), his claims must be addressed on the merits.

■ A claim of ineffective assistance of counsel requires a showing that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that absent counsel's errors, the outcome of the proceeding would have been different. Petitioner has failed to make either showing. In regards to Stambaugh's performance, Petitioner makes much of Stambaugh's affidavit, which states that he failed to raise the claims because he didn't think of them rather than as a tactical maneuver. However, the transcript of Petitioner's retrial

reveals that while Stambaugh may not have thought to raise these claims phrased as they have been phrased in Petitioner's habeas petition, he did raise them in substance. Both the retrial transcript and Stambaugh's brief appealing Petitioner's conviction indicate that Stambaugh vigorously and competently defended Petitioner and that his performance did not fall below any objective standard of reasonableness. Furthermore, two witnesses testified at the retrial that they were Petitioner's accomplices in planning to rob Jacobs, that they went to Jacobs' house with Petitioner but that only Petitioner entered the house, that Petitioner was armed with a gun at the time, and that they fled when they heard shots coming from the house and that Petitioner later told them that he shot Jacobs. The defense subsequently called a witness who testified that he carried messages between the two accomplices while they were in prison, but offered no further evidence to rebut the prosecution's case. Given the paucity of the defense's case, it is unlikely that Stambaugh's alleged errors made any difference in the outcome of the trial. Petitioner has therefore failed to make out a claim of ineffective assistance of counsel.

■ Petitioner's claims admittedly may be saved from procedural default by the holding in *Harris v. Reed.* The Supreme Court held in *Harris* that a procedural default does not preclude federal habeas review unless the last state court to review the case explicitly bases its judgment on a state procedural bar. 109 S.Ct. at 1043. Here, the last state court to review the case was the Virginia Supreme Court, and its dismissal order merely stated that it found no reversible error in the judgment of the court below. In a case involving a similar situation, *Evans v. Thompson*, 881 F.2d 117, 123 n. 2 (4th Cir.1989), the United States Court of Appeals for the Fourth Circuit found review of the merits of the petitioner's claim appropriate to remove any doubt about the claim, even though the court felt, as in the instant case, that the Virginia courts had intended to hold the claim procedurally barred. This Court concludes that the prudent course here is to address the merits of petitioner's claims, as it will do.

### Prosecution for Felony Murder

■ Petitioner alleges first that the prosecution's switch from a theory of premeditated murder in Petitioner's original trial to a theory of felony murder in Petitioner's retrial violated Petitioner's due process rights. Before the commencement of the second trial, Stambaugh requested a Bill of Particulars stating the date, time and place at which the crime charged was allegedly committed, a summary statement of the manner in which the crime charged was allegedly committed, and the names and addresses of any co-defendants and alleged co-conspirators. In response, the prosecution referred Stambaugh to the record of the original trial. That record reflected the prosecution's theory of premeditated murder. Petitioner argues that he was therefore led to believe that he would be retried for premeditated murder and had no notice that he would be tried for felony murder at his second trial.

Under the Virginia murder statute, both a premeditated killing and a killing during an attempted robbery constitute first degree murder. Virginia Code § 18.2–32. An indictment for murder need not charge the degree of murder alleged or the statutory language constituting that degree of offense, however. *Simpson v. Commonwealth*, 221 Va. 109, 267 S.E.2d 134, 139 (1980). Furthermore, under an indictment for murder, the Commonwealth is free to prove a killing in any manner or different manners. *Akers v. Commonwealth*, 216 Va. 40, 216 S.E.2d 28, 33 (1975). Petitioner's indictment therefore gave him adequate notice that he might be tried for felony murder. Nor was the Commonwealth bound by the Bill of Particulars to proceed on a premeditated murder theory in the retrial. All parties assert that the evidence at Petitioner's first trial was substantially the same as that at his retrial. The evidence at the retrial was that Petitioner shot Jacobs when Petitioner went to Jacobs' house to rob him. Stambaugh therefore should have been alerted by the transcript of the original trial that it was

alleged that the murder took place during the commission of an attempted robbery and that the Commonwealth might elect to proceed on a felony murder theory.

### Failure to Instruct As to All Elements of Felony Murder

Petitioner alleges that the retrial court failed to properly instruct the jury on all elements of the offense in that although the jury was instructed that the killing must have occurred during the commission or attempted commission of a robbery, they were not instructed as to the elements of robbery or attempted robbery. Determination of this issue entails two inquiries: first, as to whether the failure to instruct on robbery was error and second, if such failure was error, as to whether that error was harmless.

■ Proof of the elements of the underlying felony is necessarily part of the proof of felony murder. *See e.g., Whalen v. United States,* 445 U.S. 684, 693–94, 100 S.Ct. 1432, 1438–39, 63 L.Ed.2d 715 (1980) ("A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape."); *Harling v. United States,* 460 A.2d 571, 573 (D.C.1983) (to prevail on a felony murder charge government had to prove all elements of the underlying robbery or attempted robbery). The retrial court therefore erred in failing to instruct the jury as to the elements of robbery or attempted robbery in giving the felony murder instruction. *Adams v. Wainwright,* 764 F.2d 1356, 1361 n. 3 (11th Cir.1985) ("Had the felony murder instruction been warranted in the first place, the proper instruction would have referenced *and defined* sexual battery.") (emphasis added).

■ In order for an erroneous instruction to support a collateral attack on a state court's judgment, it must be shown to have "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten,* 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). Furthermore, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."

*Henderson v. Kibbe,* 431 U.S. 145, 155, 97 S.Ct. 1730, 1737, 52 L.Ed.2d 203 (1977).

■ Petitioner contends nevertheless that in this circuit, the failure to instruct as to all elements of an offense is always reversible error. In doing so, Petitioner makes much of the United States Court of Appeals for the Fourth Circuit's repeated refusal to affirm a conviction where the district court has failed to instruct as to the elements of the offense charged in the indictment. *See, e.g., United States v. Polowichak,* 783 F.2d 410, 415 (4th Cir.1986) (citations omitted). Petitioner ignores, however, the distinction between a total failure to instruct as to elements and a mere failure to instruct as to some elements. In *United States v. Schmidt,* 376 F.2d 751 (4th Cir.1967), the same court held that a failure to instruct as to the constituent elements of an offense, where, as here, the defense neither requested a complete instruction nor objected to the court's failure to give one, was harmless error. *Id.* at 753. The court based its ruling on its determination that the only substantial issue submitted to the jury was one of identification. *Id.*

The Circuit Court of Hanover County found that "[t]he evidence at trial clearly supports the fact that the murder was committed during the course of a robbery or attempted robbery." Order Denying State Habeas Petition at 3 (citing Trial Transcript at 200–212, 242–253). Indeed, the only evidence presented by the defense at trial was the testimony of an inmate of the prison where Petitioner's two accomplices were incarcerated, who testified that he had carried notes between the two. Petitioner points to the lack of evidence that anything was actually taken from the deceased, but this fact would only defeat proof of a robbery, not of an attempt. There is nothing in the record to suggest that the court's incomplete instruction was so prejudicial as to warrant habeas relief.

### Failure to Instruct As to Second Degree Murder

Petitioner next alleges that the retrial court's refusal to give a second degree

murder instruction impermissibly kept the defense's theory of the case from the jury.

■ An instruction on lesser included offenses is required only where the evidence supports it. *See, e.g., Bunch v. Commonwealth*, 225 Va. 423, 304 S.E.2d 271, 281 (1983). Furthermore, "[i]n Virginia every unlawful homicide is presumed to be murder in the second degree ... [t]he burden is on the accused to reduce the offense and on the Commonwealth to elevate it." *Evans v. Commonwealth*, 215 Va. 609, 212 S.E.2d 268, 271 (1975). Here the defense's only evidence was the testimony of an inmate who claimed the accomplices communicated with each other in prison. Also, while there may have been insufficient proof of an actual robbery, there was proof of an attempt. The retrial court could therefore have legitimately determined that the evidence did not warrant giving a second degree murder instruction.

### Admission of Evidence of Flight and Other Crimes

■ At trial, the Commonwealth elicited testimony from two witnesses that they and the Petitioner had committed an armed robbery three days earlier and had discussed committing another robbery in the future. The Commonwealth also offered testimony that Petitioner had said he was leaving the area a few days after the offense, that six weeks after the offense a car with a trailer was seen leaving Petitioner's residence, and that Petitioner was arrested in Nashville, Tennessee. The Petitioner contends that this evidence was inadmissible as a matter of Virginia law. Whether Petitioner is correct is irrelevant, as the admissibility of evidence as a matter of state law is not cognizable in a federal habeas petition absent "circumstances impugning fundamental fairness or infringing specific constitutional protections...." *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960). *See also Lisenba v. California*, 314 U.S. 219, 228, 62 S.Ct. 280, 286, 86 L.Ed. 166 (1941) ("We do not sit to review state court action on questions of the propriety of the trial judge's action in the admission of evidence."). Given the testimony of Petitioner's accomplices in the attempted robbery of Jacobs, the evidence of other crimes and of flight in the Court's view did not likely affect the outcome of the trial.

### Withholding of Informants' Statements

■ Petitioner alleges that the retrial court's refusal to compel the Commonwealth to give Stambaugh copies of the statements that Petitioner's accomplices made to the police, or to review those statements *in camera*, violated Petitioner's right to a fair trial. Petitioner's claim fails, however, because he does not allege any prejudice as a result of the Court's actions.

### CONCLUSION

For the reasons discussed above, Petitioner's motion for an evidentiary hearing will be denied and summary judgment will be granted for Respondent on all counts. An appropriate Order will issue.