**Willie K. BEAN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 91–52.

District of Columbia Court of Appeals.

Argued Dec. 18, 1991.
Decided April 17, 1992.

George A. Fisher, Washington, D.C., appointed by the court, for appellant.

Jennifer M. Anderson, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., and John R. Fisher and Roy W. McLeese III, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and KING, Associate Judge, and BELSON, Senior Judge.

PER CURIAM:

In April, 1988, appellant was indicted for one count of carrying a dangerous weapon—rifle (Count D) and one count of carrying a dangerous weapon—knife (Count E) in violation of D.C.Code § 22–3204 (1989 Repl.). He was convicted by a jury and sentenced to consecutive sentences of 30–90 months for carrying the rifle and 10–30 months for carrying the knife, for an aggregate term of 40–120 months. On appeal the court affirmed the conviction but concluded that the two offenses merged for sentencing purposes, and remanded the case to the trial judge to vacate one of the counts and to resentence appellant on the other. *Bean v. United States*, 576 A.2d 187, 190 (D.C.1990).

On remand, the trial judge vacated the conviction under Count E, charging carrying a dangerous weapon—knife. However, the judge proceeded to merge the charge in Count E with Count D, charging carrying a dangerous weapon—rifle, and to redesignate Count D as charging carrying a dangerous weapon—rifle and knife. The judge then imposed a 40–120 month sentence for redesignated Count D.

The Fifth Amendment to the Constitution provides in pertinent part that:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. . . .

1 D.C.Code 484. Appellant contends, therefore, that the trial judge had no authority to combine the two counts of the indictment into a single count charging carrying a dangerous weapon—rifle and knife. He further contends that the sentence imposed on the new Count D amounted to an increased sentence which could not be imposed without a statement of justification. We agree that the trial judge was without authority to amend the indictment by redesignating the offense charged in Count D of the indictment; accordingly, we reverse and remand the case to the trial judge with instructions to vacate the judgment and commitment on the redesignated Count D, and to resentence appellant on Count D under the indictment charging carrying a dangerous weapon—rifle.

I.

When the court remanded the case to the trial judge following appellant's direct appeal from his convictions, it instructed the judge "to vacate one of the two convictions and resentence on the other, leaving to the trial court the choice of which conviction to vacate." *Bean, supra,* 576 A.2d at 187. As instructed, the trial judge vacated the conviction on one of the two counts, Count E, charging carrying a dangerous weapon—knife. Thereafter, the judge rewrote the charge in the remaining count, Count D, as a count charging carrying a dangerous weapon—rifle and knife, and entered a Judgment and Commitment Order reflecting that appellant was convicted of "Ct. D Carrying a Dangerous Weapon—Rifle and Knife."

■ The redesignation of Count D by the trial judge exceeded the judge's authority and was not conferred upon him by the remand in which the court instructed him to "vacate one of the two convictions and resentence on the *other." Id.* (emphasis supplied). Although the judge could properly consider at the time of sentencing appellant on the remaining count, Count D charging carrying a dangerous weapon—pistol, that appellant also had been convicted of carrying a knife, *see Wasman v. United States,* 468 U.S. 559, 562, 104 S.Ct. 3217, 3219, 82 L.Ed.2d 424 (1984); *accord Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949), this is not the same as allowing the judge to rewrite a count of the indictment returned by the grand jury. The law on merger of offenses may produce a situation in which a redesignation of a count of the indictment would more accurately reflect the basis for the judge's sentence, but the separation of powers underlying the Constitution cannot be ignored. The government in its brief on appeal does not suggest otherwise.[1]

---

1. *Logan v. United States,* 489 A.2d 485, 491 (D.C. 1985), cited by our concurring and dissenting

Accordingly, the judgment of conviction of Count D as redesignated by the trial judge is reversed and the case is remanded to the trial judge with direction that he impose a sentence for Count D as Count D was designated in the indictment returned by the grand jury.

## II.

▬ Appellant's second contention, that the sentence imposed on remand amounted to an increased sentence, after a successful appeal, which is allowable only if there is a good reason for the increase and the explanation for the increase "affirmatively appear[s]" on the record, citing *North Carolina v. Pearce*, 395 U.S. 711, 724–25, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969), is unpersuasive. When the court remanded the case to the trial judge, the court directed the trial judge to vacate one conviction and to resentence appellant on the other, citing *Thorne v. United States*, 471 A.2d 247, 249 (D.C.1983). *Bean, supra,* 576 A.2d at 187.

In *Thorne,* the defendant had been convicted of two counts of first degree burglary, D.C.Code § 22–1801(a) (1981), of the same premises at the same time. One burglary was committed with intent to destroy property, and the other with intent to assault. The defendant also had been convicted of one count of destroying property and one count of assault. He was sentenced to two 5–15 year consecutive sentences for the burglary counts, and to concurrent one-year sentences on the remaining counts. On appeal this court held that one of the burglary convictions had to be vacated, but, adopting the government's view, remanded the case to the trial judge to sentence anew in order to allow the trial judge to effectuate the original sentencing plan. *Thorne, supra,* 471 A.2d at 249. The court thereby recognized that when the trial judge originally imposed sentence he may have chosen to spread the aggregate sentence over all of the counts. *See Malloy v. United States,* 483 A.2d 678 (D.C.1984). Noting that the trial judge had not originally imposed the maximum allowable sentence on the burglary counts, the court acknowledged that directing the trial judge to vacate one of the sentences would "upset an interdependent sentencing structure" originally intended by the trial judge, unless the judge was allowed to resentence on all counts. *Thorne, supra,* 471 A.2d at 249 (citations omitted).

Similarly, in our earlier opinion in this case, *Bean, supra,* 576 A.2d at 187, this court remanded, citing *Thorne,* to allow the trial judge to conform his sentence to what was intended when there were two separate counts at the time of his original sentence. On remand, the judge made clear that his original intent was to impose an aggregate term of 40 months to 120 months (i.e., 10–30 months plus 30–90 months). The sentence imposed on remand accomplished that purpose, and we find no error. *See also, Garris v. United States,* 491 A.2d 511 (D.C.1985).

Accordingly, we reverse the judgment of conviction of redesignated Count D, and remand the case to the trial judge for resentencing of appellant on Count D of the indictment.[2]

KING, Associate Judge, concurring and dissenting:

I agree that the trial judge had authority to impose the sentence of 40–120 months after we remanded the matter to him, and I join in Part II of the majority opinion.[1] I

---

colleague, addressed a challenge to the sufficiency of the evidence, not the issue raised in the instant appeal.

**2.** Our concurring and dissenting colleague expresses concern that if appellant were to come into contact with the criminal justice system in the future, his conviction for both the knife and the gun would be unknown. Super.Ct.Crim.R. 32(e) (presentence investigation) is not so limited. Furthermore, the decision in this appeal and in appellant's prior appeal are published

documents. Finally, we see no occasion for this court to instruct the trial court and appellant about how to proceed upon the remand.

**1.** I do not agree, however, that still another sentencing proceeding is necessary. I see no reason why we could not simply remand with instructions to amend the Judgment and Commitment Order to reflect that Count D should be labeled as CDW (rifle) rather than CDW (rifle and knife) as the majority has held. The trial judge can accomplish that without convening

disagree with the majority, however, when it concludes that the trial judge erred in redesignating Count D as CDW (rifle and knife).

When this case was first before us, we held that "Bean's conduct constituted a single violation of the statute." *Bean v. United States*, 576 A.2d 187 (D.C.1990). In short, we held that his act of carrying both a knife and a rifle amounted to one offense only. The effect of that holding was to convert the two separate convictions into one, and we remanded to the trial judge with directions to vacate one of the convictions. The sentencing judge's designation of the remaining offenses as CDW (rifle and knife) conformed precisely to the instruction we gave him.

Further, the grand jury originally charged appellant with CDW (knife) and CDW (rifle) as separate offenses for the single act of carrying both weapons. We concluded that the act of carrying both weapons constituted a single violation of that statute. This conclusion was, in effect, a finding that the action by the grand jury amounted to the return of a charge of CDW (rifle and knife). *See Logan v. United States*, 489 A.2d 485, 491 (D.C.1985) (a case involving two pistols, a single count of Carrying a Pistol without a License, in effect, charged appellant with carrying both pistols). Appellant, therefore, has no grounds to complain of any defect in the charging process or that the sentencing judge blended the offenses in a way depriving him of his right to be indicted by a grand jury.

Still another objection to the majority's resolution of this issue is that it results in an inaccurate picture of what actually occurred. The majority's solution means that appellant's conviction will be recorded as a conviction of Carrying a Dangerous Weap-

on (rifle). The fact that the grand jury charged and the trial jury found that appellant violated the statute by carrying a rifle *and* a knife will be lost. Thus, when the parole authorities view this matter in the future, as they must, any decision they make will be based upon an inaccurate picture of appellant's conduct which may or may not affect the decisional process.

Further, appellant will eventually be released, and we all hope that he will never be seen again in the criminal justice system. We could be disappointed on that point, however. If so, some judicial officer in the future, when considering bail, will see the prior conviction for CDW (rifle) but will likely not be informed that another weapon was also involved. The same is true, if, at some point, a judicial officer is called upon to impose a sentence for some future law violation. It's conceded that the difference between record and reality is not significant; however, bail and sentencing decisions often turn on seemingly minor points especially when the call is a close one. The point, however, is not whether an accurate record would make a difference. Rather, the real question is, should the future decision maker have available an accurate picture of what occurred so that he or she can decide whether or not the additional information makes a difference? With the majority's resolution of this issue a complete picture will not be presented.

As a result, I see no need to remand this matter again. Accordingly, I would affirm the judgment of the trial court.

---

another sentencing hearing unless he wishes to. If appellant believes that he may be able to persuade the trial judge to impose a sentence less than 40 to 120 months, he can proceed by filing a motion to reduce sentence pursuant to Super.Ct.Crim.R. 35.