**Kevin D. JACKSON, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 98–CF–1509.

District of Columbia Court of Appeals.

Submitted April 4, 2000.
Decided April 20, 2000.

David C. Gray, appointed by this court, was on the brief for appellant.

Wilma A. Lewis, United States Attorney, and John R. Fisher, Glenn L. Kirschner, and Lisa Hertzer Schertler, Assistant United States Attorneys, were on the brief, for appellee.

Before FARRELL and REID, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM.

■ After a jury trial, appellant Kevin D. Jackson was convicted of kidnapping while armed, in violation of D.C.Code §§ 22–2101 and –3202 (1998); first-degree murder while armed (felony murder during the course of an armed kidnapping), in violation of §§ 22–2401 and –3202; first-degree murder while armed (premeditated murder), in violation of §§ 22–2401 and – 3202; possession of a firearm during a crime of violence ("PFCV"), in violation of § 22–3204(b); and carrying a gun without a license, in violation of § 22–3204(a). On appeal, Jackson's sole contention is that his kidnapping while armed conviction, as an underlying offense, merges with his first-degree felony murder conviction. The government agrees, *see Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), but, unlike Jackson, argues that the proper remedy is to remand so that Jackson's first-degree felony murder while armed conviction and sentence may be vacated. We remand this case to the trial court with instructions to

vacate Jackson's felony murder conviction and sentence.

All of Jackson's convictions related to the death of a single victim, James Emanuel Simmons.[1] At the sentencing hearing held on September 28, 1998, Jackson was sentenced to ten to thirty years for kidnapping while armed, thirty years to life for first-degree premeditated murder, thirty years to life for first-degree felony murder, five to fifteen years for PFCV, and twenty months to five years for carrying a gun without a license. All sentences were to run consecutively except for the murder convictions which were to run concurrent with each other and the sentence for carrying a gun without a license, which was to run concurrent to all other sentences. The sentencing judge informed Jackson of his right to appeal and noted that "the felony murder charge ... should be vacated once all appeal rights are exhausted." Jackson noticed this appeal.

■■■ "When there is only one killing, the defendant may not be convicted of more than one murder." *Thacker v. United States*, 599 A.2d 52, 63 (D.C.1991) (citing *Catlett v. United States*, 545 A.2d 1202, 1219 (D.C.1988), *cert. denied*, 488 U.S. 1017, 109 S.Ct. 814, 102 L.Ed.2d 803 (1989)). Therefore, as the sentencing judge recognized, "[Jackson] cannot remain convicted of both first-degree premeditated murder and first-degree felony murder of the same victim." *Id.* Vacating both the premeditated murder conviction and the armed kidnapping conviction, as appellant proposes, would "upset [the] interdependent sentencing structure" the trial court clearly intended. *Thorne v. United States*, 471 A.2d 247, 249 (D.C. 1983). Accordingly, we affirm the judgment of conviction except that we remand this case to the trial court for the purpose of vacating the first-degree felony murder conviction and sentence.[2]

*So ordered.*

---

1. Since Jackson's only claim on appeal is that two of his convictions merge, we dispense with discussion of events leading up to the trial and his convictions.

2. Once Jackson's felony murder conviction is vacated, his kidnapping while armed conviction will survive without merger. *See Mitchell v. United States*, 629 A.2d 10, 11 n. 2 (D.C.1993), *cert. denied*, 510 U.S. 1138, 114 S.Ct. 1119, 127 L.Ed.2d 429 (1994).