# Richmond

## Roy Harrison

### v.

## Commonwealth of Virginia

August 30, 1979.

Record No. 781259.

Present: All the Justices.

*Jay J. Levit* (*John B. Mann; Levit & Mann,* on briefs), for appellant.

*Jerry P. Slonaker, Assistant Attorney General* (*Marshall Coleman, Attorney General,* on brief), for appellee.

CARRICO, J., delivered the opinion of the Court.

In this case involving a claim of double jeopardy, the record shows that on September 5, 1977, the defendant, Roy Harrison, and a companion, Howard Judson Gillespie, drove together to a service station

in Henrico County. There, the pair participated in robbing the station manager. During the course of the robbery, the manager was shot three times and fatally wounded.

In a single bench trial, the defendant was tried upon separate indictments for capital murder in the commission of armed robbery [Code § 18.2-31(d)] and for robbery (Code § 18.2-58). At the trial, testifying for the Commonwealth, Gillespie named the defendant as the triggerman in the victim's death. Testifying in his own behalf, the defendant cast Gillespie in the role of triggerman. Finding that Gillespie was "the principal in the first degree" in the case,[1] the court convicted the defendant, in the words of the conviction order, "of murder in the commission of a robbery at least as a principal of the second degree (Virginia Code Section 18.2-31(d)), as charged in [the] indictment." The court also convicted the defendant of robbery. For the murder conviction, the defendant received a sentence of 40 years in the penitentiary, with 20 years suspended, and, for the robbery conviction, a like term and suspension.

Relying upon *Harris* v. *Oklahoma,* 433 U.S. 682 (1977), the defendant contends that his conviction of robbery was barred by his conviction of murder in the commission of armed robbery because "proof of the underlying felony, robbery with a firearm, was needed to sustain [his] murder conviction." In *Harris,* the accused and a companion robbed a grocery store clerk and the companion killed the clerk. The defendant was convicted of felony-murder in connection with the death. Thereafter, the defendant was convicted of robbery. In a brief per curiam opinion, the Supreme Court first noted that the concession in the state appellate court's opinion that "[i]n a felony murder case, the proof of the underlying felony [here robbery with firearms] is needed to prove the intent necessary for a felony murder conviction." Then, reversing the robbery conviction, the Supreme Court stated:

> "When, as here, conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms, the Double Jeopardy Clause bars prosecution for the lesser crime after conviction of the greater one. . . . '[A] person [who] has been tried and convicted for a crime which has various incidents included in it, . . . cannot be a second time tried for one of those incidents without being twice put in jeopardy for the same offence' " (footnote and citations omitted).

---

[1] Because of this finding, the trial court acquitted the defendant of a charge of using a firearm in the commission of a felony. Code § 18.2-53.1.

433 U.S. at 682-83.

At first blush, it might seem that *Harris* supports the defendant's position that his conviction of robbery was barred, on double jeopardy grounds, by his conviction of murder. Closer analysis of the situation, however, clearly prompts a different view.

In this analysis, it is important to focus upon the nature of the defendant's conviction for homicide. As has been noted, the defendant was indicted for murder under Code § 18.2-31, which, in pertinent part, provides as follows:

> "The following offenses shall constitute capital murder, punishable as a Class 1 felony:
>
> " . . . .
>
> "(d) The willful, deliberate and premeditated killing of any person in the commission of robbery while armed with a deadly weapon . . . ."

As has been further noted, the trial court found the defendant guilty, as the conviction order states, "of murder in the commission of a robbery at least as a principal of the second degree (Virginia Code Section 18.2-31(d)), as charged in [the] indictment."[2] This statement had dual effects. First, it recognized, as this court later held in *Johnson* v. *Commonwealth*, 220 Va. 146, 149, 255 S.E.2d 525, 527 (1979), that only the triggerman can be a principal in the first degree to capital murder under § 18.2-31(d); accordingly, because the trial court found that Gillespie, and not the defendant, was the triggerman in the present case, the defendant was not convicted as a principal in the first degree, and to this extent, but this extent only, he was acquitted of participation in the victim's death.

Second, the statement necessarily constituted a finding not only that the victim's murder occurred in the commission of armed robbery but also that the killing was willful, deliberate, and premeditated. This follows because, if there was such a status as that ascribed to the defendant by the trial court, *viz.*, a principal in the second degree to capital murder, that status could have arisen only if, as § 18.2-31(d) required and as the indictment alleged, the killing at issue was shown both to have occurred in the commission of armed robbery and to have been willful, deliberate, and premeditated.

 While the conviction order has these effects, we do not believe that the defendant could have been or, indeed, was convicted of

---

[2] The indictment charged that the defendant did "willfully, deliberately and with premeditation kill and capital murder [the victim] in the commission of a robbery while armed with a deadly weapon."

murder under Code § 18.2-31(d). We say this for several reasons. Code § 18.2-18, in pertinent part, provides that "except in the case of a killing for hire under the provisions of § 18.2-31(b)[3] an accessory before the fact or principal in the second degree to a capital murder shall be indicted, tried, convicted and punished *as though the offense were murder in the first degree*" (emphasis added). Further, the punishment imposed upon the defendant for his murder conviction, a term of 40 years, is not an appropriate sentence under § 18.2-31(d). Capital murder under § 18.2-31(d) is a Class I felony, punishable by death or life imprisonment. Code § 18.2-10(a). The 40-year sentence actually imposed in this case is appropriate only for a Class 2 felony. Code § 18.2-10(b). The only homicide classified as a Class 2 felony is murder of the first degree. Code § 18.2-32.

We believe, therefore, that, despite the conviction order's reference to capital murder under § 18.2-31(d), the defendant was convicted of murder of the first degree under Code § 18.2-32. In pertinent part, this section provides:

"Murder, other than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, robbery, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony."

■ Admittedly, § 18.2-32 embodies the felony-murder concept. And, concededly, the conviction order entered in this case, the oral opinion rendered by the trial court, and the evidence presented below all show that the felony-murder concept was employed to support the defendant's conviction of murder. But § 18.2-32 also contains other separate grounds for supporting a first degree murder conviction, including the situation where the killing is shown to be willful, deliberate, and premeditated. And, here, the indictment upon which the defendant was tried, the conviction order entered below, the trial court's oral opinion,[4] and the evidence[5] all clearly demonstrate that

---

[3] "18.2-31 .... The following offenses shall constitute capital murder, punishable as a Class 1 felony:

".....

"(b) The willful, deliberate and premeditated killing of any person by another for hire...."

[4] The trial court found that the victim was killed only because it was "expedient ... to eliminate" him as a possible source of identification of his assailants.

[5] Supporting the trial court's finding set forth in note 4, the evidence reveals a cold-blooded murder committed for no other apparent reason than to mask the identity of the assailants.

the defendant's murder conviction was grounded not only upon the felony-murder concept but also upon the proposition that the killing was willful, deliberate, and premeditated.

In these circumstances, we do not believe that there exists in this case the double jeopardy problem the Supreme Court dealt with in *Harris* v. *Oklahoma, supra.* Unlike the state appellate court in *Harris,* we need not concede that "proof of the underlying felony [here robbery with firearms] is needed to prove the intent necessary" for this defendant's murder conviction. In our situation, as we analyze it, proof of the intent necessary for the defendant's murder conviction is supplied by the independent showing that the killing was willful, deliberate, and premeditated. This is not a case, therefore, where, as with *Harris,* "conviction of a greater crime, murder, cannot be had without conviction of the lesser crime, robbery with firearms." Conviction of the murder here *can* be had, without resort to the evidence concerning armed robbery, simply by relying upon the independent proof that the killing was willful, deliberate, and premeditated.

By the same analysis, we do not believe that, under the circumstances of this case, the defendant's conviction for armed robbery involves a conviction of a "lesser included" offense, of the "same" offense, or of "an incident included in" a greater offense. We reach this conclusion by application of the test set forth in *Brown* v. *Ohio,* 432 U.S. 161 (1977), a case cited in *Harris* and relied upon by the defendant here.

In *Brown,* the Supreme Court stated:

"The established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment was stated in *Blockburger* v. *United States,* 284 U.S. 299, 304 (1932):

'The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not . . . .'

This test emphasizes the elements of the two crimes. 'If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes . . . .' *Iannelli* v. *United States,* 420 U.S. 770, 785 n. 17 (1975)."

432 U.S. at 166.

Believing firmly, as we do, that the present defendant's conviction of homicide is for first degree murder and that this conviction is supported independently by proof and by a factual finding that the killing was willful, deliberate, and premeditated, we are of opinion that the present case satisfies the test set forth in *Brown*. The two offenses involved here—on the one hand, willful, deliberate, and premeditated murder, and, on the other, armed robbery—" 'each requires proof of a fact that the other does not' ". Willful, deliberate, and premeditated murder requires proof of specific intent to kill and of a killing, without the necessity of showing theft or intent to steal from the victim. Armed robbery requires proof of theft or intent to steal from the victim, without the necessity of showing an intent to kill or a killing.

Finding no violation of the defendant's rights concerning double jeopardy, we will affirm the judgments appealed from.

*Affirmed.*