# Richmond

## JAMES STEWART SIMPSON

## V.

## COMMONWEALTH OF VIRGINIA

June 6, 1980.

Record No. 791275.

Present: All the Justices.

*Robert A. Niles (Niles, Chapman & Dulaney,* on brief), for appellant.

*Thomas D. Bagwell, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

On January 24, 1979 the trial court, sitting without a jury, convicted Simpson of the following offenses: murder (Code § 18.2-32), attempted murder (Code §18.2-28), robbery (Code § 18.2-58), and two counts of use of a firearm in the commission of a felony (Code § 18.2-53.1). The convictions resulted from a series of events which involved Simpson and a codefendant, one David Thompson. The Commonwealth initially indicted Simpson for capital murder during the commission of armed robbery in violation of Code § 18.2-31(d),[1] but the Commonwealth's Attorney successfully moved the trial court prior to opening argument to amend the indictment charging capital murder to allege first degree murder under Code § 18.2-32.[2]

---

[1] "The willful, deliberate and premeditated killing of any person in the commission of robbery while armed with a deadly weapon."

[2] "§ 18.2-32. **First and second degree murder defined; punishment.**—Murder, other

Simpson's sole assignment of error presents the question whether the modification of the indictment from an allegation of capital murder under Code § 18.2-31 to a charge of first degree murder under § 18.2-32 precludes his conviction for both murder and robbery under the Double Jeopardy Clause of the Fifth Amendment. Simpson contends that the trial court predicated his liability for murder on the felony-murder concept, and maintains that the recent Supreme Court decision of *Harris* v. *Oklahoma*, 433 U.S. 682 (1977), requires that his conviction for either murder or robbery be vacated.

Simpson's convictions arose from an armed robbery of a store in Mitchell, Culpeper County, during the course of which the owner, Thomas E. McMullen, was deliberately killed and a patron, Russell E. Shaw, was severely wounded. Shaw recovered from his wound and testified against Simpson at trial.

The evidence indicated that shortly after noon on April 20, 1978 Simpson and Thompson, both armed with handguns, entered the store owned and operated by McMullen, demanded cash, robbed the register of approximately $50, and also stole a six-pack of beer. Shaw, a neighbor, suffered the misfortune of entering the store during the commission of the robbery. When Shaw arrived, Simpson was holding a gun on McMullen. Thompson ordered Shaw to lie on the floor in front of the counter and produce his wallet. When Thompson saw Shaw's billfold contained no cash, he struck Shaw. Thompson then forced McMullen and Shaw to a back room of the store, ordered them to remain there, departed momentarily, but returned after a few minutes. According to Shaw, Thompson prefaced his conduct with an apology, and thereupon shot McMullen twice in the head, and fired a single shot into the head of Shaw. McMullen later died of his wounds, but Shaw was able to leave the store under his own power and notify the police.

Thompson's father testified in behalf of the Commonwealth and related that he had elicited from Simpson details concerning the crime several days after its occurrence. According to the elder Thompson, Simpson acknowledged his participation in the criminal conduct and explained that McMullen and Shaw had been shot because "a dead man couldn't talk".

---

than capital murder, by poison, lying in wait, imprisonment, starving, or by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit, arson, rape, robbery, burglary or abduction, except as provided in § 18.2-31, is murder of the first degree, punishable as a Class 2 felony.

All murder other than capital murder and murder in the first degree is murder of the second degree and is punishable as a Class 3 felony."

In moving to amend the indictment, the Commonwealth's Attorney explained that early investigations of the crime could not determine whether Simpson or Thompson had been the actual "triggerman", and that warrants had been obtained charging both defendants with capital murder. However, subsequent evidence revealed Thompson to be the actual perpetrator of the shootings and Simpson to be an accessory to the killing. Recognizing that Code § 18.2-18 requires that a principal in the second degree to a capital murder be indicted, tried, convicted and punished as though the offense were murder in the first degree, the Commonwealth's Attorney moved the court, without objection from Simpson, to strike the language "willfully, deliberately and premeditatedly" from the indictment and to amend the statute designated from Code § 18.2-31 to § 18.2-32. The court sustained the motion. The amended indictment which the court then proceeded to try Simpson upon alleged in relevant part that Simpson did "unlawfully and feloniously kill and murder one Thomas E. McMullen during the commission of robbery while armed with a deadly weapon, in violation of Section 18.2-32 of the 1950 Code of Virginia, as amended, . . . ."

Simpson adduced no evidence in his behalf, and at the conclusion of the Commonwealth's case the trial court, *sua sponte,* asked the Commonwealth's Attorney whether a conviction of first degree murder would necessarily entail proof of the same elements used to substantiate the charge of robbery. The Commonwealth's Attorney responded that case authority indicated the question to be unresolved. Acknowledging that the issue remained somewhat unsettled, the trial court nevertheless convicted Simpson of both the murder and robbery charges. The oral opinion of the trial court explicitly concluded that Simpson and Thompson "clearly intended" to kill McMullen so he would not later identify them, and reasoned that Simpson's active participation in the robbery and presence at the scene of the killing rendered him responsible for the murder. The final conviction order entered on May 9, 1979 recited merely that Simpson stood charged with the felony of murder, upon which a sentence of life imprisonment was imposed.

On appeal Simpson represents that the transcript of the proceedings discloses no evidence that the murder of McMullen was willful, deliberate and premeditated, and protests that the Commonwealth has secured a conviction for first degree murder on the felony-murder concept, in violation of the Double Jeopardy Clause of the Fifth Amendment as recently interpreted by the United States Supreme

Court in the case of *Harris* v. *Oklahoma, supra.* We conclude Simpson's contentions to be without merit.

■ Simpson's assertion that *Harris* v. *Oklahoma, supra,* apparently holding rather narrowly that convictions for robbery and felony-murder cannot stand independently when the proof of robbery is necessarily used to prove the intent for murder, requires that his conviction for either murder or robbery be vacated here is wrong for several reasons. First, Simpson erroneously alleges that the transcript of the trial proceedings contains no evidence that the murder of McMullen was willful, deliberate and premeditated. At the sentencing proceeding on May 9, 1979 the trial court explicitly determined that Simpson and Thompson "were full lone partners in this transaction", and each was equally as guilty as the other. The trial court further concluded that McMullen and Shaw were shot pursuant to a "planned design or scheme" to erase all possibility that they could be subsequently identified. The court found the killing of McMullen to be "an execution style of murder" and observed that it could not "think of a more premeditated, intentional crime with malice than that".

These findings constituted express conclusions that Simpson was a principal in the first degree to an armed robbery and a principal in the second degree to a willful, deliberate and premeditated killing. Accordingly, Simpson's argument that the trial court necessarily predicated his conviction for first degree murder on the felony-murder doctrine is clearly invalid. We note that under Code § 18.2-32 a conviction of first degree murder can be obtained, *inter alia,* upon proof of a willful, deliberate and premeditated killing, or upon a finding that the murder occurred during the commission of a robbery. In the present case the Commonwealth successfully proved both of these grounds independently. The clear conclusion of the trial court that Simpson was a principal in the second degree to a willful, deliberate and premeditated killing provides an independent statutory basis for his first degree murder conviction, apart from any association with or relation to the crime of robbery.

The existence of an independent statutory ground for murder, completely distinct from the felony of robbery, differentiates the present case from *Harris* v. *Oklahoma, supra.* In *Harris,* the Supreme Court directly noted the concession of the Oklahoma Court of Criminal Appeals that under the law of that state proof of the underlying felony [there robbery with firearms] was required to prove the intent necessary for a felony-murder conviction. *Id.* at 682.

The opinion of the Oklahoma Court articulated more fully the rationale underlying the felony-murder doctrine, noting that legal theory transfers the intent to commit the underlying felony to the homicide even though the felon does not intend to cause the death of anyone. *Harris* v. *State*, 555 P.2d 76, 81 (Okla. Crim. App. 1976). The Fifth Amendment Double Jeopardy concerns attaching to the legal fiction of felony-murder, which allows the critical element of intent in a murder conviction to be predicated upon proof of an analytically independent intent to commit a different crime, do not emerge in the present context where the specific intent to commit murder has been clearly and independently demonstrated. Simpson's conviction for first degree murder did not require proof of any other felony, and his intent to commit murder was not assumed from his intent to commit robbery. Simpson's intent to commit murder rests solidly and independently upon his clear status as a principal in the second degree to a willful, deliberate and premeditated killing. Accordingly, the narrow ruling of *Harris* v. *Oklahoma* is effectively inapposite here.

██ Simpson's contention that the trial court necessarily established his guilt for first degree murder on the felony-murder principal also misconstrues the purpose and effect of the indictment requirement. Simpson's argument implicitly assumes that the deletion from the indictment of the words "willfully, deliberately and premeditatedly", and the inclusion of the phrase "during the commission of robbery while armed with a deadly weapon" somehow constitute a binding prosecutorial commitment to prove first degree murder under Code § 18.2-32 solely through the mechanism of proving a robbery. This interpretation of the indictment is erroneous because it fails to coincide with the guiding constitutional, statutory and case authority.

Both the United States and Virginia Constitutions recognize that a criminal defendant enjoys the right to be advised of the cause and nature of the accusation lodged against him.[3] The important concerns evident in these provisions are fully honored by Virginia Code §§ 19.2-220, -221. Va. Code § 19.2-220 requires that an indictment name the accused, describe the offense charged, identify the location of the alleged commission, and designate a date for the offense. While the indictment must describe to the defendant the offense charged against him, Code § 19.2-220 provides that in

---

[3] "In all criminal prosecutions the accused shall enjoy the right to . . . be informed of the nature and cause of the accusation." U.S. Const. Amend. VI.

"That in all criminal prosecutions a man hath the right to demand the cause and nature of his accusation." Va. Const. Art. I § 8.

executing this function the indictment may "state so much of the common law or statutory definition of the offense as is sufficient to advise what offense is charged". Code § 19.2-221, providing for short form indictments for murder and manslaughter, further announces that "any form of . . . indictment . . . which informs the accused of the nature and cause of the accusation shall be good", and specifically validates murder indictments which allege only that the defendant "feloniously did kill and murder" the victim.

The modified first degree murder indictment upon which Simpson was tried and convicted fully conforms with the necessary specifications for the statutory short form. No constitutional or statutory requirement attaches that the indictment charge the degree of murder alleged or use the specific statutory language constituting that degree of offense. To the contrary, as we stated in *Ward* v. *Commonwealth*, 205 Va. 564, 138 S.E.2d 293 (1964), in interpreting the predecessor short form murder indictment statute [former Code § 19.1-166 (1960)]:

An indictment for murder in the first degree under this Code section need not charge specifically the facts showing the offense. The form of an indictment for murder employed in this case [the specified short form] is sufficient to charge murder in the first and second degree or any lower grade of homicide. It is not necessary that the indictment should charge murder in the first degree *or use that description which, according to the statute, constitutes that degree of offense. Id.* at 205 Va. 568, 138 S.E.2d at 296. [Emphasis added].

Accordingly, the omission from the murder indictment here of the the words "willfully, deliberately and premeditatedly" in no manner vitiated a conviction obtained under Code § 18.2-32 on this specific statutory ground. Similarly, the inclusion in the indictment of the phrase "during the commission of robbery while armed with a deadly weapon" did not constitute a waiver by the Commonwealth of proving first degree murder through some alternative means as provided in Code § 18.2-32. Because the indictment need not have alleged that the murder occurred during the commission of the robbery, this language merely apprised Simpson more closely of the conduct underlying the offense charged. The modified indictment fully alerted Simpson to the cause and nature of the accusation against him, and in no manner prejudiced the preparation of his defense. Therefore,

the conviction of Simpson for first degree murder on this modified indictment upon the basis of his accessorial liability to a willful, deliberate and premeditated killing remains fully valid.

The present situation is not unlike the problem we recently addressed in *Harrison* v. *Commonwealth,* 220 Va. 188, 257 S.E.2d 777 (1979). In *Harrison,* the defendant had been indicted and convicted for capital murder in commission of an armed robbery under Code § 18.2-31(d). Harrison protested that his capital murder conviction necessarily entailed proof of robbery, and accordingly maintained that the Double Jeopardy proscription prohibited conviction for both capital murder and robbery. In answering this objection we observed that while both the indictment and conviction order designated violation of Code § 18.2-31(d) as the offense committed, both the sentence imposed [40 years as opposed to the mandatory life term required for a capital murder conviction] as well as the mandate of Code § 18.2-18 clearly indicated a different result. We reasoned that a conviction under § 18.2-31(d) necessarily constituted a specific and independent finding of a "willful, deliberate and premeditated murder", and considered that that conclusion alone could sufficiently support a first degree murder conviction under § 18.2-32. We perceived that the indictment, conviction order, oral opinion and evidence all indicated that guilt had been predicated upon a finding of a willful and deliberate killing rather than upon the felony-murder concept. Noting specifically that "[c]onviction of the murder here can be had, without resort to the evidence concerning armed robbery, simply by relying upon the independent proof that the killing was willful, deliberate and premeditated", we concluded that Harrison had effectively been convicted of first degree murder in violation of Code § 18.2-32 and affirmed the judgment of the trial court. 220 Va. at 193, 257 S.E.2d at 780.

This same conclusion attaches here. Both the evidence and the oral opinion of the trial court indicate that Simpson's guilt has been predicated upon a specific determination of accessorial complicity in a willful, deliberate and premeditated killing. While the specific language of the indictment here did not charge a willful, deliberate and premeditated killing, our discussion, *supra,* of the applicable statutory and case authority demonstrated that it need not have done so. Finding no merit to Simpson's contentions, we affirm the judgment order of the trial court convicting him of both first degree murder and robbery.

*Affirmed.*