932 F.2d 963
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Carroll Lee MOORE, Petitioner-Appellant,
v.
David A. GARRAGHTY, Warden, Respondent-Appellee.
 No. 90-7336.
 United States Court of Appeals, Fourth Circuit.
 Argued Jan. 10, 1991.
Decided May 13, 1991.
As Amended June 12, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert R. Merhige, Jr., Senior District Judge. (CA-89-765)
 Marvin David Miller, Alexandria, Va., for appellant.
 Thomas Drummond Bagwell, Senior Assistant Attorney General, Office of the Attorney General, Richmond, Va., (Argued), for appellee; Mary Sue Terry, Attorney General, Office of the Attorney General, Richmond, Va., on brief.
 E.D.Va., 739 F.Supp. 285.
 AFFIRMED.
 Before RUSSELL and WILKINSON, Circuit Judges, and JOHN T. COPENHAVER, Jr., United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Carroll Lee Moore appeals the district court's order dismissing his petition for writ of habeas corpus. He alleges constitutional defects in his conviction in state court on a retrial of charges connected with a shooting death during a robbery attempt. Moore contends that he was deprived of his constitutional right to fair notice of the charges against him because his retrial was on a charge different from the charge in his first trial and the Commonwealth was allowed at the close of the evidence to switch from a theory of premeditated murder to felony murder in the commission of a robbery; that the retrial court's failure to instruct on all of the elements of the underlying felony (i.e., robbery or attempted robbery) in a felony murder case deprived him of his constitutional right to a trial by jury; and that the retrial court's refusal to instruct on second degree murder deprived him of his constitutional right to have the jury consider his theory of the case. Finding no error in the district court's decision and concluding that petitioner received a constitutionally fair trial, we affirm.
 
 I.
 
 2
 In 1981, following a trial in Hanover County, Virginia, Moore was convicted of first degree premeditated murder and use of a firearm in the commission of a murder in connection with the 1979 shooting death of Peter Jacobs. Subsequently, the conviction was set aside and a new trial was ordered. New counsel, Gregory Stambaugh, undertook to defend Moore in the retrial. Stambaugh filed a Bill of Particulars, requesting information about the date, time and place of the alleged crime and a summary statement of the manner in which the crime was allegedly committed. In lieu of a formal response, the prosecution referred him to the transcript and record of the original trial, where the jury was instructed on premeditated murder and second degree murder. Stambaugh prepared to defend the retrial on the charge of premeditated murder or argue alternatively that Moore was guilty of second degree murder only.
 
 
 3
 The evidence on retrial was essentially the same as that presented during the original trial. Two witnesses testified that they and Moore planned to rob Jacobs, who was known to keep a lot of money at his house trailer. All of them went to Jacobs' house, taking with them stocking masks and gloves. Only Moore entered the house. He was carrying a .22 caliber pistol. The accomplices heard shots coming from the house and fled. Later that night, Moore told them he shot Jacobs.[1] No property was taken from Jacobs or the trailer. Medical evidence showed that Jacobs died from two .22 caliber gunshot wounds to the face.
 
 
 4
 At the close of the evidence, the court granted the Commonwealth's request for instructions on felony murder, rather than premeditated murder, and denied Stambaugh's request for instructions on second degree murder. The jury was not instructed on the elements of robbery or attempted robbery. No such instructions were offered and no objection was made as to their omission. The jury convicted Moore of felony murder in the commission of a robbery and use of a firearm in the commission of a murder. Moore was sentenced to life imprisonment on the murder charge and one year for the firearm charge. On appeal to the Virginia Supreme Court, Stambaugh made assignments of error with respect to the instructions on felony murder rather than premeditated murder and the failure to instruct on second degree murder. The appeal was summarily denied on the grounds that there was no reversible error in the trial court's judgment.
 
 
 5
 Thereafter, in February 1988, counsel in this action filed a petition for habeas relief in the Circuit Court of Hanover County, alleging constitutional defects in the retrial and ineffective assistance of counsel. The petition was denied, the court finding that the claim with respect to failure to instruct on the elements of the underlying felony was procedurally barred inasmuch as it was not raised at trial or on appeal and that the claims regarding the switch from premeditated murder to felony murder and the failure to instruct on second degree murder were procedurally barred because the "precise" claims were not raised at trial or on appeal. The court further determined that inasmuch as counsel had raised issues similar to the precise issues presented in the petition for habeas relief on the felony murder and second degree murder instructions, Moore did not have ineffective assistance of counsel on those claims. The court also addressed the claim going to the giving of the felony murder rather than premeditated murder instructions on the merits and concluded that under Virginia law Moore was given adequate notice of the charges against him. As to the failure of the retrial court to instruct on the elements of the underlying felony, the court found that failure to request the instructions did not constitute ineffective assistance of counsel and, additionally, that there was a reasonable probability that the outcome of the trial would not have been different had the instructions been given. The denial of the writ was appealed to the Virginia Supreme Court, which summarily denied the petition for appeal on the grounds that "there is no reversible error in the judgment complained of."
 
 
 6
 Counsel then filed this federal habeas action on November 18, 1989, reasserting his claim for relief on the basis of the Commonwealth's switch from premeditated murder to felony murder, the failure to instruct on the elements of the underlying felony, and the failure to instruct on second degree murder.[2] The district court determined that all of the claims were raised in the state habeas petition and denied by the Hanover County Circuit Court on the grounds that they were procedurally barred and, further, that the procedural default could not be overcome by the ineffective assistance of counsel contention. However, inasmuch as the Virginia Supreme Court, the last state court to review the claims, did not explicitly rely on procedural bar in its order denying appeal of the habeas petition, the court addressed the claims on the merits under the United States Supreme Court's ruling in Harris v. Reed, 489 U.S. 255 (1989). The court concluded that the merits of the claims did not justify habeas relief, granted the Warden's motion for summary judgment and dismissed the case. This appeal followed.
 
 II.
 
 7
 A petitioner who forfeits state review of his federal constitutional claims by failing to comply with state law procedural requirements is barred from obtaining federal habeas review in the absence of a showing of "cause for the procedural default and prejudice attributable thereto," Murray v. Carrier, 477 U.S. 478, 485 (1986), or a demonstration that a " 'fundamental miscarriage of justice' " will otherwise result "in the conviction of one who is actually innocent." Id. at 495-96 (quoting Engle v. Isaac, 456 U.S. 107, 135 (1982)).
 
 
 8
 The procedural default which results from the petitioner's failure to present a state court with the federal claim does not preclude federal habeas review "unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." Harris v. Reed, 489 U.S. 255, 263 (1989) (citing Caldwell v. Mississippi, 472 U.S. 320, 327 (1985) (quoting Michigan v. Long, 463 U.S. 1032, 1041 (1983)). The procedural default retains its preclusive effect even when the state court renders an alternative holding on the merits of the claim "so long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision." Id. at 264 n. 10. Moreover, if the state court chooses to rely on the procedural bar rule in a pro forma order, it may do so by simply stating that "relief is denied for reasons of procedural default." Id. at 265 n. 12. However, if the reliance on procedural bar is not set forth in a "plain statement," and the state court goes on to reject the federal claim on its merits, the ambiguous reference to state law is insufficient to preclude federal habeas review. Id. at 266 & n. 13.
 
 
 9
 The Harris court's direction that procedural default be determined by reference to the "last state court rendering a judgment in the case" has resulted in a disagreement among the circuits over which state court must make the clear and express statement that its judgment rests on a state procedural bar, particularly when appellate review results in a summary affirmance. Compare Prihoda v. McCaughtry, 910 F.2d 1379 (7th Cir.1990) ("the state court whose explanation matters is the last to write an opinion"), with Barker v. Estelle, 913 F.2d 1433, 1436-37 & n. 3 (9th Cir.1990) (federal review on the merits not precluded when the state's highest court summarily denies an original habeas petition), and Nunnemaker v. Ylst, 904 F.2d 473 (9th Cir.), cert. granted, 111 S.Ct. 384 (Nov. 5, 1990) (same).
 
 
 10
 Here, the last state court to write an opinion on Moore's case was the Circuit Court of Hanover County, which denied his petition for habeas relief, relying in part on Virginia's procedural default rules. However, the Virginia Supreme Court, the last state court to speak on the case, summarily denied Moore's petition for appeal of that decision without reference to procedural default. Until such time as the United States Supreme Court clarifies which state court must make the plain statement that it is denying the claim on the grounds of procedural default, we agree that the district court properly followed our guidance in Evans v. Thompson, 881 F.2d 117, 123 n. 2 (4th Cir.1989), cert. denied, 110 S.Ct. 3255 (1990), by proceeding to address the merits of petitioner's claims.[3]
 
 III.
 
 11
 Petitioner, whose case is before us on collateral rather than direct review, is not entitled to federal habeas relief if the result he seeks from this court "was not dictated by precedent existing at the time [his] conviction became final." Teague v. Lane, 489 U.S. 288, 301 (1989). Stated differently, his conviction will be upheld if it rests upon a state's "reasonable, good-faith interpretations of existing precedents." Butler v. McKellar, --- U.S. ----, 110 S.Ct. 1212, 1217 (1990). This standard assures that federal habeas relief fulfills its primary purpose of "ensuring that state courts conduct criminal proceedings in accordance with the Constitution as interpreted at the time of the proceedings." Saffle v. Parks, --- U.S. ----, 110 S.Ct. 1257, 1260 (1990). If the relief sought here was not compelled by existing precedent, it would be a new rule that "breaks new ground" and "imposes a new obligation on the States or the Federal Government" and, consequently, petitioner would not be entitled to its benefit in the absence of special exceptions. Teague, 489 U.S. at 301, 310.
 
 
 12
 Neither party asserts that petitioner is seeking relief under a new rule falling within one of the exceptions enunciated in Teague. Consequently, our review of the merits of petitioner's claims is limited to a determination of whether his state court conviction rests upon a reasonable, good-faith interpretation of constitutional precedent at the time his conviction became final.
 
 A. Prosecution for Felony Murder
 
 13
 Petitioner alleges that he was deprived of his constitutional right to fair notice of the charges against him because the original trial, to which he was referred for the information sought in his Bill of Particulars, was prosecuted on the theory of premeditated murder. Petitioner claims that he was not given notice that the retrial would be on the theory of felony murder until the close of the evidence and, consequently, his retrial was on a charge totally different from that of which he was given notice by his referral to the record of the first trial and by the retrial order.
 
 
 14
 Petitioner was indicted and convicted under Virginia's first degree murder statute, which provides: "Murder, other than capital murder, ... by any willful, deliberate, and premeditated killing, or in the commission of, or attempt to commit ... robbery ... is murder of the first degree.... All murder other than capital murder and murder in the first degree is murder of the second degree." Va.Code Ann. Sec. 18.2-32 (1988 Repl.Vol.). Other than the statutory reference, the only description of the offense contained in the indictment was the allegation that Moore "unlawfully and feloniously did kill and murder one Peter Jacobs."
 
 
 15
 The United States Constitution and the Virginia Constitution both acknowledge a criminal defendant's right to notice of the cause and nature of the charge against him. U.S. Const. amend. VI.; Va. Const. art. I, Sec. 8. Short form indictments for murder, including an indictment which alleges only that the defendant "feloniously did kill and murder" another, are specifically validated by section 19.2-221 of the Virginia Code and have been approved by federal courts. Davis v. Slayton, 353 F.Supp. 571, 572 (W.D.Va.1973) (citing Hale v. Cox, 336 F.Supp. 1364 (W.D.Va.1972); Burton v. Cox, 312 F.Supp. 264 (W.D.Va.1970)); see also Hayes v. Peyton, 364 F.2d 303, 304 (4th Cir.), cert. denied, 385 U.S. 981 (1966). There is no additional constitutional or statutory requirement "that the indictment charge the degree of murder alleged or use the specific statutory language constituting that degree of offense." Simpson v. Commonwealth, 221 Va. 109, 115, 267 S.E.2d 134, 139 (1980). Consequently, "the Commonwealth may prove a killing in any manner or in different manners." Akers v. Commonwealth, 216 Va. 40, 47, 216 S.E.2d 28, 33 (1975); see Simpson, 221 Va. at 115, 267 S.E.2d at 139 (an indictment which contained the phrase " 'during the commission of robbery while armed with a deadly weapon' did not constitute a waiver by the Commonwealth of proving first degree murder through some alternative means"). Moreover, the defendant cannot require the Commonwealth to elect whether it is proceeding under a theory of premeditated murder or felony murder. Id.
 
 
 16
 Here, Moore's indictment, together with the record of his first trial, provided him with adequate notice that the Commonwealth might proceed on either a premeditated or felony murder theory. The statute under which he was indicted provides alternative means for obtaining a conviction of first degree murder. Of relevance here are the alternatives of proving a "willful, deliberate, and premeditated murder" or murder in the "commission of, or attempt to commit ... robbery." Petitioner does not dispute that the evidence at the retrial was substantially the same as that at the first trial. It follows, then, that counsel's review of the transcript of the first trial would reveal that Moore and his accomplices went to Jacobs' house for the purpose of robbing him. Given that factual background and a statute that provides for alternative means of proving first degree murder, petitioner had sufficient notice that the Commonwealth might elect to proceed under a theory of felony murder during the commission or attempted commission of the robbery of Jacobs. Moreover, inasmuch as the Commonwealth was not required to make an election as to the manner in which it intended to obtain a conviction against Moore, that particular information would not have been available even if specifically requested. Consequently, under a reasonable interpretation of the constitutional precedents existing at the time his conviction became final, petitioner was not deprived of his right to notice of the nature and cause of the charge lodged against him. The district court properly denied his request for relief on that claim.
 
 
 17
 B. Failure to Instruct on All Elements of the Underlying Felony
 
 
 18
 Moore contends that he was deprived of his constitutional right to a trial by jury because of the retrial court's failure to instruct on all of the elements of the underlying felony of robbery. Although counsel did not object to the omission at Moore's retrial or raise the issue on direct appeal, petitioner claims the omission constitutes plain error and entitles him to habeas relief in his federal proceeding.
 
 
 19
 Proof of felony murder necessarily involves proof of the elements of the underlying felony. E.g., Whalen v. United States, 445 U.S. 684, 693-94 (1980) (felony murder based upon the killing of another in the course of committing rape requires proof of all of the elements of the offense of rape); Williams v. Kelly, 816 F.2d 939, 947 (4th Cir.1987) (proof of participation in the robbery is an essential element of proof under Virginia's felony murder statute); Harling v. United States, 460 A.2d 571, 572-73 (D.C.1983) (felony murder in the course of a robbery requires proof of all elements of the underlying robbery or attempted robbery) (citing Whalen ). Consequently, at the conclusion of Moore's retrial, the court erred in failing to instruct on the elements of robbery or attempted robbery.
 
 
 20
 The standard for collateral review of errors in instructions to which no contemporaneous objection was made and no error was assigned on direct appeal is a "cause and actual prejudice" standard.[4] United States v. Frady, 456 U.S. 152, 167-68 (1982). The degree of prejudice required is a showing that based upon an evaluation of the totality of the events at trial, the instructional error "by itself so infected the entire trial that the resulting conviction violates due process." Id. at 169 (citing Henderson v. Kibbe, 431 U.S. 145, 154 (1977) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)); see also Fulton v. Warden, Md. Penitentiary, 744 F.2d 1026, 1032 (4th Cir.), cert. denied, 473 U.S. 907 (1984) (quoting Henderson, 431 U.S. at 147). In effect, the petitioner must show a substantial likelihood that the jury would have reached a different verdict if the proper instructions had been given and, consequently, the error in instructions resulted in a fundamental miscarriage of justice. See Frady, 456 U.S. at 172; Henderson, 431 U.S. at 155-57; Fulton, 744 F.2d at 1032-33.
 
 
 21
 Under this standard of review, "errors that cannot be considered harmless on direct review" may "nevertheless [be] insufficient to render a trial so unfair as to justify use of the habeas corpus remedy."[5] Fulton, 744 F.2d at 1032. As the Henderson court acknowledged: "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court." Henderson, 431 U.S. at 154. Moreover, "[a]n omission, or incomplete instruction, is less likely to be prejudicial than a misstatement of the law." Id. at 155. The impact of incomplete instructions can be evaluated by comparing the instructions as given with the instructions as they should have been given to determine whether it is likely the jury's verdict would have been different. Id. at 156-57.
 
 
 22
 Petitioner argues in essence that he would have been acquitted of felony murder had the instructions on robbery been given because the Commonwealth could not prove a taking, one of the essential elements of robbery. The argument is without merit. Virginia's first degree murder statute clearly provides that a felony murder conviction may be based upon murder in the "attempt to commit" a robbery. Consequently, the failure to prove a taking was not fatal to the Commonwealth's case. The retrial court instructed the jury that they must find that the "killing occurred in the commission of or attempt to commit robbery." There was ample evidence to support the jury's obvious finding that Moore and his accomplices went to Jacobs' house for the purpose of robbing him and that the killing occurred when Moore attempted to carry out that robbery plan. The only contradictory evidence at trial was whatever inference could be drawn about Moore's innocence from the testimony that his accomplices exchanged notes prior to testifying against him. The jury clearly concluded that the inference was not sufficient to establish a reasonable doubt that Moore was the perpetrator of the murder. Based upon the totality of the events at trial, including the evidence and the entirety of the retrial court's instructions, there is no substantial likelihood that the jury would have reached a different verdict even if instructed on the elements of robbery.
 
 
 23
 Moreover, petitioner offers nothing upon which this court could rely in concluding that Moore's trial was fundamentally unfair because it resulted in the conviction of one who is actually innocent. Given the paucity of the evidence offered in Moore's defense, we are by no means persuaded that an innocent person has been wrongfully convicted.
 
 
 24
 C. Failure to Instruct on Second Degree Murder
 
 
 25
 Petitioner further alleges that a defendant is entitled to an instruction on his theory of the case whenever that theory is supported by the evidence and, consequently, the retrial court erred in refusing his requested instruction on second degree murder. In particular, petitioner contends that the Commonwealth failed to prove first degree murder by proving either premeditation or the taking element of robbery and inasmuch as Virginia's criminal code provides that all homicide which is not capital murder or first degree murder is presumed to be second degree murder, a second degree murder instruction was required.[6]
 
 
 26
 Under Virginia law, "every unlawful homicide is presumed to be murder in the second degree" with the burden being "on the accused to reduce the offense and on the Commonwealth to elevate it." Evans v. Commonwealth, 215 Va. 609, ----, 212 S.E.2d 268, 271 (1975). Proof that the murder occurred under the circumstances enumerated in section 18.2-32, which includes murder in the attempt to commit robbery, elevates the offense to first degree murder. See Warlitner v. Commonwealth, 217 Va. 348, 351, 228 S.E.2d 698, 701 (1976), cert. denied, 430 U.S. 957 (1977).
 
 
 27
 Virginia law also provides that when an accused is indicted on a charge of homicide, he may be acquitted of the specific offense charged or convicted "of any degree of homicide supported by the evidence for which a lesser punishment is provided by law." Va.Code Ann. Sec. 19.2-266.1 (1990 Repl.Vol.). However, an instruction on the lesser offense of second degree murder "is appropriate only where there is evidence to support it." Justus v. Commonwealth, 222 Va. 667, 678, 283 S.E.2d 905, 911 (1981), cert. denied, 455 U.S. 983 (1982) (citing Painter v. Commonwealth, 210 Va. 360, 367, 171 S.E.2d 166, 171 (1969)). Moreover, the evidence must amount to more than a scintilla. Id. (citing Hatcher v. Commonwealth, 218 Va. 811, 814, 241 S.E.2d 756, 758 (1978)). Consequently, the evidence supporting a first degree murder conviction may be "so clear and uncontroverted that a trial court could properly refuse to instruct on the lesser included offenses." Painter, 210 Va. at 366, 171 S.E.2d at 171. For example, when it would only be proper for the jury to find the defendant guilty of first degree murder or not guilty, it is not error to refuse a second degree murder instruction. LeVasseur v. Commonwealth, 225 Va. 564, ----, 304 S.E.2d 644, 658-59 (1983), cert. denied, 464 U.S. 1063 (1984) (second degree murder instruction properly refused when there was not a scintilla of evidence upon which jury could find that the murder and robbery were unrelated); see also Bennett v. Commonwealth, 236 Va. 448, ----, 374 S.E.2d 303, 317 (1988), cert. denied, 490 U.S. 1028 (1989) (second degree murder instruction properly refused when only defense offered was that defendant was not the killer and no evidence contradicted the showing that the killing occurred during the commission of a robbery).
 
 
 28
 None of the evidence offered at Moore's trial contradicts a finding that Jacobs was killed during the attempt to commit a robbery.[7] Some evidence was offered from which the jury was asked to infer that one of Moore's accomplices rather than Moore himself was the perpetrator of the killing. However, that evidence is relevant only as to Moore's guilt or innocence on the first degree murder charge, not to the degree of the offense. In the absence of any other evidence to support an instruction on the offense of second degree murder, the retrial court could properly refuse to give it.
 
 
 29
 Having considered each of the issues raised by petitioner in this appeal, we are of the opinion that the district court's dismissal of the petition for writ of habeas corpus is without error and that Moore's state court conviction rests upon a reasonable, good-faith interpretation of constitutional precedents existing at the time his conviction became final. The judgment of the district court is affirmed.
 
 
 30
 AFFIRMED.
 
 
 
 [1]
 At trial, a witness who was in prison with the two accomplices testified that he carried written messages between them. Based upon that testimony, defense counsel argued that the accomplices' statements about the events on the night of the murder were not worthy of belief and the jury should find Moore not guilty
 
 
 [2]
 Moore also sought relief on the basis of errors in evidentiary rulings at retrial. The district court's ruling on those issues are not raised in this appeal and, consequently, need not be reviewed
 
 
 [3]
 Inasmuch as we proceed to evaluate petitioner's claims on the merits, we need not determine whether the assertion of ineffective assistance of counsel would serve to demonstrate the cause necessary to overcome a procedural bar
 
 
 [4]
 Concluding, as we do, that Moore suffered no actual prejudice of a degree sufficient to entitle him to habeas relief, we find it unnecessary to address whether his claim of ineffective assistance of counsel would satisfy the "cause" portion of the standard. Frady, 456 U.S. at 168
 
 
 [5]
 Petitioner contends that notwithstanding counsel's failure to make a contemporaneous objection, this court has repeatedly refused to uphold a conviction where the trial court failed to instruct on all elements of the offense and, consequently, a new trial must be ordered in this case. Inasmuch as the cases cited by petitioner involve direct rather than collateral review, they are not controlling here
 
 
 [6]
 As discussed supra pp. 14-15, petitioner's claim that he could not be convicted of felony murder during the commission of a robbery in the absence of evidence of a taking is without merit where, as here, there was ample evidence of an attempted robbery
 
 
 [7]
 Petitioner argues that by refusing to give the second degree murder instruction the jury was improperly prevented from considering evidence that the robbery plan was abandoned prior to the killing. However, a review of the relevant portions of the transcript indicates that to the extent the plan was abandoned, it was abandoned by one of the accomplices, not by Moore himself