COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Fitzpatrick
Argued at Richmond, Virginia


ALFONSO LAWRENCE RUSH, III

v.        Record No. 2060-94-2          MEMORANDUM OPINION[*] BY
                                        JUDGE JOHANNA L. FITZPATRICK
COMMONWEALTH OF VIRGINIA                      APRIL 2, 1996

          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                 Paul M. Peatross, Jr., Judge

          Norman Lamson for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Alfonso Lawrence Rush, III (appellant) was convicted in a
jury trial of possession of cocaine in violation of Code
§ 18.2-250(a).  On appeal, he argues that the trial court erred
in finding the indictment sufficient to inform appellant of the
nature and cause of the charge against him and in failing to
order a bill of particulars.  Finding no error, we affirm.

     On September 7, 1993, Officer Dana Slater (Slater) of the
Albemarle County Police Department went to appellant's house to
execute a capias for his arrest.  Slater found a pipe with
cocaine ashes and a wallet containing a single-edged razor blade
with white powder residue.  Slater arrested appellant, who was
later indicted for possession of cocaine in December 1993.  The
indictment cited Code § 18.2-250(a) and read as follows:

---

[*]Pursuant to Code § 17.116.010 this opinion is not
designated for publication.

On or about September 7, 1993, in the
County of Albemarle, ALFONSO LAWRENCE RUSH,
III did unlawfully, feloniously and knowingly
possess cocaine, a Schedule II controlled
substance.

Appellant moved to dismiss the indictment on the grounds
that it failed to state the nature and cause of the charge
against him and did not identify the quantity, nature, and
ownership of the cocaine.  Appellant did not request a bill of
particulars and contended that a bill of particulars would not
cure the defects in the indictment.  The trial court denied
appellant's motion.

Code § 19.2-220 provides as follows:
The indictment or information shall be a
plain, concise and definite written
statement, (1) naming the accused, (2)
describing the offense charged, (3)
identifying the county, city or town in which
the accused committed the offense, and (4)
reciting that the accused committed the
offense on or about a certain date.  In
describing the offense, the indictment or
information may use the name given to the
offense by the common law, or the indictment
or information may state so much of the
common law or statutory definition of the
offense as is sufficient to advise what
offense is charged.

The indictment should also "cite the statute or ordinance that
defines the offense or, if there is no defining statute or
ordinance, prescribes the punishment for the offense."  Rule
3A:6(a).  "Both the United States and Virginia Constitutions
recognize that a criminal defendant enjoys the right to be
advised of the cause and nature of the accusation lodged against

2

him.  The important concerns evident in these provisions are fully honored by Virginia Code §§ 19.2-220, -221."  Simpson v. Commonwealth, 221 Va. 109, 114, 267 S.E.2d 134, 138 (1980) (footnote omitted).  See U.S. Const. amend. VI; Va. Const. art. I, § 8.  "[I]t is no longer necessary to include in the indictment an allegation of every fact in the chain of circumstances comprising the offense charged."  Howard v. Commonwealth, 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981).

In the instant case, the trial court did not err in refusing to dismiss the indictment.  "As the indictment named the accused, described the offense charged and cited the applicable statutes, identified the city in which the offense was committed, and recited that [appellant] committed the offense on or about a certain date, it met the requirements of Code § 19.2-220 and Rule [3A:6(a)]."  Id.  Appellant's argument that the Commonwealth was required to allege every fact that supported the charge against him is without merit.  If appellant desired more information about which facts the Commonwealth intended to rely upon, he had the right to ask for a bill of particulars.

Additionally, the trial court did not err in failing to order a bill of particulars.  "[A] defendant is not entitled to a bill of particulars as a matter of right.  Whether the Commonwealth is required to file a bill of particulars rests within the discretion of the trial court."  Quesinberry v. Commonwealth, 241 Va. 364, 372, 402 S.E.2d 218, 223, cert.

3

denied, 502 U.S. 834 (1991). "[A] bill of particulars is not required if the indictment gives an accused notice of the nature and character of the offense charged." Breard v. Commonwealth, 248 Va. 68, 76, 445 S.E.2d 670, 675, cert. denied, 115 S. Ct. 442 (1994). The trial court was not required to sua sponte order a bill of particulars. Appellant never requested one and, in fact, argued that a bill of particulars would not cure the indictment's defects. The indictment met the requirements of Code § 19.2-220 and thus adequately notified appellant of the nature and character of the charge against him.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

4